J-S79023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ZACHARY BROOKS | |
| Appellant | No. 316 EDA 2014 |

Appeal from the PCRA Order January 21, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0102601-2006
CP-51-CR-0907371-2005

BEFORE: ALLEN, OLSON and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:               **FILED DECEMBER 23, 2014**

Appellant, Zachary Brooks, appeals from the order entered on January 21, 2014, dismissing his first petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we affirm.

The PCRA court aptly set forth the applicable facts and procedural history of this case as follows:

> [Appellant] was arrested on January 8, 2004 and charged with possession with intent to deliver a controlled substance (PWID). On October 30, 2004, he was arrested again and charged with PWID and conspiracy. He appeared before [the trial court] on December 5, 2005 and pled guilty to all charges. On January 20, 2006, pursuant to his negotiated plea, [Appellant] was sentenced to one year in the County Intermediate Punishment (IP) program, to include short term inpatient treatment at Self Help and three months of house arrest, to be followed by two years of reporting probation. He was ordered to complete drug and alcohol treatment, seek and maintain employment,

*Retired Senior Judge assigned to the Superior Court.

receive vocational training, stop selling drugs, perform 40 hours of community service, and pay all applicable fines and costs[.] [S]entences on both cases were to run concurrent.

On July 11, 2007, [Appellant] was arrested and charged with PWID. On November 8, 2007, he was arrested again and charged with yet another PWID. On November 23, 2007, [Appellant] was arrested for a third time and charged with PWID and criminal conspiracy. On March 3, 2009, he appeared before the Honorable Lisa Rau and pled guilty to all of these charges. Pursuant to his negotiated plea, Judge Rau sentenced him to an aggregate sentence of 5 to 10 years [of] state incarceration.

In addition to these direct violations, [Appellant] tested positive for drug use on July 13, July 31, and October 11, 2007. [Appellant] absconded from supervision after his urinalysis in October 2007 and his whereabouts remained unknown until he was arrested again for selling drugs in November 2007.

On June 9, 2009, [Appellant] appeared before [the Honorable Genece E. Brinkley] for a violation [of probation] hearing. [Judge Brinkley] revoked [Appellant's] IP probation and sentenced him to 5 to 10 years [of] state incarceration on both PWID[] [convictions], to run concurrent with one another, but consecutive to Judge Rau's sentence. [Judge Brinkley] further sentenced him to 10 years [of] reporting probation on the conspiracy charge, to run consecutive. This resulted in an aggregate sentence of 5-10 years [of] state incarceration [followed by] 10 years [of] reporting probation.

[Appellant] appealed []his judgment of sentence to [this] Court, whereby he challenged the length of his sentence and claimed that [the trial court] failed to state sufficiently adequate reasons for the sentence and failed to order or consider a pre-sentence investigation report. On January 19, 2010, [Appellant] filed an [a]pplication to [v]acate, requesting that [this] Court remand [the case to the trial court] for approval of a *nunc pro tunc* motion for reconsideration[. On February 8, 2010, this Court] dismissed it without prejudice so that he could pursue it under the PCRA.

On October 4, 2010, [Appellant] filed a timely *pro se* petition for relief pursuant to the [PCRA]. On August 30, 2012, appointed PCRA counsel filed an amended petition. On August 12, 2013, the Commonwealth filed a [m]otion to [d]ismiss. On December 18, 2013, [the trial court] sent [Appellant] a [n]otice [p]ursuant to [Pa.R.Crim.P.] 907, indicating that his petition would be dismissed as without merit. [Appellant] did not respond to the [Rule] 907 [n]otice. On January 16, 2014, [the trial court] dismissed [Appellant's] petition and an order to this effect was filed [on] January 21, 2014. On January 25, 2014, [Appellant] filed an appeal with [this] Court. On March 11, 2014, PCRA counsel filed a [c]oncise [s]tatement of [e]rrors [c]omplained of on [a]ppeal.

PCRA Court Opinion, 6/26/2014, at 2-4 (quotations and original brackets omitted).

On appeal, Appellant presents two issues for our consideration:

I.   Was the PCRA court's dismissal of [] Appellant's ineffective assistance of counsel claims an error because counsel failed to present important documents at Appellant's violation of probation hearing?

II.  Was the PCRA court's dismissal of [] Appellant's ineffective assistance of counsel claims an error because counsel failed to file a motion for reconsideration that included the documents?

Appellant's Brief at 4.

Appellant's two issues are inter-related and, thus, we will address them together. Appellant claims that counsel provided ineffective representation at the violation of probation hearing for failing to provide the trial court with documentation "that Appellant had completed drug and alcohol treatment and community service and had obtained employment."

- 3 -

*Id.* at 8. As a result, Appellant contends that the trial court "believed Appellant had not completed any of his probation conditions and had feigned a drug problem to receive a more lenient sentence." *Id.* at 9. However, Appellant asserts that he "completed [a] [s]elf[-h]elp program, had completed 40 hours of community service, and had worked as an unloader at Wal-Mart for at least 5 months." *Id.* at 9-10. Appellant argues that defense counsel had no reasonable strategy for failing to provide the aforementioned documentation because counsel "knew the importance of completing these requirements and should have known simply telling the court they were completed was insufficient." *Id.* at 10. Appellant claims that he was prejudiced as demonstrated by the trial court's statements at the hearing and, in its written opinion, that Appellant "used the system in order to get treatment in the IP program … when, in fact, [Appellant was] really a drug dealer[,]" "he never held a 'real' job and had only sold drugs as his source of income[,]" and he "thumbed his nose" at the trial court. *Id.* In his second issue presented, Appellant claims that counsel was ineffective for failing to file a motion for reconsideration attaching the relevant documentation for the trial court to review. *Id.* at 11.

"Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014). "The

PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Id.* "In order to obtain relief based on an ineffective assistance of counsel claim, a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error." *Id.* (brackets omitted). "Trial counsel is presumed to be effective, and Appellant bears the burden of pleading and proving each of the three factors by a preponderance of the evidence." *Id.*

In this case, the PCRA court determined that Appellant failed to demonstrate he was prejudiced. PCRA Court Opinion, 6/26/2014, at 6. The PCRA court noted that Appellant "was in direct violation of his prior sentence after having pled guilty to **three** new PWID charges." *Id.* at 8 (emphasis in original). One of those PWID convictions occurred within a school zone. *Id.* The PCRA court stated that "instead of turning his life around" Appellant "chose to continue selling drugs." *Id.* The PCRA court noted that Appellant's trial counsel informed the court (acting in its capacity as the sentencing authority) Appellant had completed community service and a self-help program, but at no time mentioned Appellant's employment at Walmart. *Id.* However, the PCRA court stated that "simply proving that he had completed some of the technical conditions of his IP probation would not

have changed [the trial court's] determination that [Appellant] was in direct violation of his probation for selling drugs and had only entered the IP program in order to avoid state incarceration at his original sentencing so that he could continue selling drugs on the street." *Id.* at 8-9.

Upon review of the record, we conclude that the PCRA court's findings are supported by the record and that its legal determinations are consistent with the law. In particular, we are persuaded that the PCRA court correctly determined that Appellant was not prejudiced by trial counsel's actions. There was no reasonable probability that the introduction of certain documents regarding Appellant's compliance with the technical conditions of his probation would have held sway over the effect of multiple direct violations on the trial court's sentencing decision. While on probation for PWID, Appellant was arrested and charged with three separate PWID offenses. N.T., 6/9/2009, at 5-6. In one of those criminal matters, Appellant was selling drugs in a school zone. *Id.* at 12. Appellant was ultimately convicted of three counts of PWID and sentenced to five to 10 years of imprisonment. *Id.* at 6-7. In addition, during that same period while on probation, Appellant failed three drugs tests for cocaine use and then absconded from probation supervision until police arrested him for the third PWID offense. *Id.* at 7. Furthermore, at the revocation proceeding, the trial court determined, and Appellant does not dispute, that Appellant "didn't pay anything towards fines and costs" as imposed under the terms

his probation. *Id.* at 15. Moreover, despite the lack of documentation presented, Appellant told the trial court that he had performed community service and participated in inpatient drug treatment. *Id.* at 8-9.

Based upon all of the foregoing, we conclude there was overwhelming evidence that Appellant was not in compliance with the terms of his probation. Accordingly, we agree with the PCRA court, that even if trial counsel had presented documentation of work, inpatient treatment, and community service history, there was no reasonable probability that the result of the proceeding would have been different. Thus, Appellant has failed to demonstrate that he was prejudiced by counsel's actions and, hence, his first ineffective assistance of counsel claim must fail.

Furthermore, our Supreme Court has determined that "[w]hether [] counsel [at a violation of probation proceeding] can be deemed ineffective [for failing to file a motion to reconsider], [] depends upon whether [the petitioner] has proven that a motion to reconsider sentence, if filed, would have led to a different and more favorable outcome at [the violation of probation] sentencing." *Commonwealth v. Reaves*, 923 A.2d 1119, 1131-1132 (Pa. 2007). Again, based upon the overwhelming evidence presented to the trial court at the revocation of probation hearing, that Appellant was in both direct and technical violation of his probation by continuing to sell and use narcotics, Appellant has failed to prove that a motion to reconsider

with supporting documentation would have been successful. Accordingly, Appellant's second issue fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/23/2014