J-S47014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TIMOTHY DONNELL ANDERSON, | |
| Appellant | No. 1930 MDA 2015 |

Appeal from the PCRA Order October 21, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000378-2010, CP-36-CR-0000419-2010, CP-36-CR-0005069-2009

BEFORE:  SHOGAN, LAZARUS, and JENKINS, JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED SEPTEMBER 26, 2016**

Appellant, Timothy Donnell Anderson, appeals from the order denying his first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  We affirm.

The PCRA court summarized the relevant factual and procedural history of the case, as follows:

> On November 23, 2009, the Attorney General filed an information docketed to No. 5069–2009 charging [Appellant], Timothy D. Anderson, with two counts of unlawful contact with a minor and one count of criminal use of communication facility. These offenses arose from [Appellant's] contact with an agent of the Attorney General's Office, posing as a 14 year old girl, via computer.  In August and September, 2009, [Appellant] was in contact with the person he believed to be a 14 year old girl for the purpose of engaging in sexual activity with her.  [Appellant] was arrested by law enforcement authorities when he arrived at the pre-arranged meeting place.  At the time of [Appellant's] arrest, a cell phone was seized from him.

On February 19, 2010, the District Attorney of Lancaster County filed an information docketed to No. 419-2010 charging [Appellant] with aggravated indecent assault of a person less than 16, sexual abuse of children, unlawful contact with a minor and corruption of minors. These charges were the result of [Appellant's] actions in contacting a 15 year old girl between November, 2008, and July 13, 2009, for the purpose of engaging in sexual activity. Eventually, [Appellant] met the victim at a swimming pool on July 13, 2009, at which time he digitally penetrated her vagina and photographed her vagina with his cell phone.

On April 9, 2010, the Attorney General filed a second information docketed to No. 378-2010 charging [Appellant] with five counts of unlawful contact with a minor, one count of involuntary deviate sexual intercourse, one count of sexual abuse of children, two counts of statutory sexual assault, one count of aggravated indecent assault and one count of criminal use of communication facility. The offenses charged on this docket occurred during July and August, 2009. [Appellant], using a computer, again contacted a 15 year old female under the guise of befriending her. He engaged in digital penetration, oral and vaginal intercourse and photographed her genitals with his cell phone.

[Appellant's] suppression motion was denied on July 1, 2011, and he proceeded with a jury trial on docket No. 419-2010A. On July 20, 2011, he was found guilty of all offenses.

On September 12, 2011, [Appellant] was again found guilty after a jury trial of the offenses charged on docket No. 5069-2009.

On docket No. 378-2010, [Appellant] waived his right to a jury trial and was tried by the [c]ourt sitting without a jury. On October 28, 2011, [Appellant] was found not guilty of one count [each] of statutory sexual assault and aggravated indecent assault, but was found guilty of the remaining nine offenses.

On March 1, 2012, after a pre-sentence investigation, [Appellant] was sentenced to an aggregate term of not less than 30 nor more than 60 years incarceration on all dockets. The

[c]ourt also found that [Appellant] was a sexually violent predator.

On March 6, 2012, [Appellant] filed a motion to modify sentence which was denied on March 20, 2012. On April 18, 2012, [Appellant] filed a timely notice of appeal to the Superior Court. On May 7, 2013, the Superior Court affirmed the judgment of sentence. *Commonwealth v. Anderson*, 81 A.3d 991[, 767 MDA 2012 (Pa. Super. filed May 7, 2013) (unpublished memorandum)].

On June 6, 2013, [Appellant] filed a petition for allowance of appeal in the Supreme Court of Pennsylvania. On [November 25,] 2013, the Supreme Court denied [Appellant's] petition, *Commonwealth v. Anderson*, 622 Pa. 754, 80 A.3d 774 (table), [404 MAL 2013 (Pa. filed November 25, 2013)], and he did not seek further review.

On April 29, 2014, [Appellant] filed a *pro se* motion for post conviction collateral relief. Counsel was appointed to represent him, and on October 17, 2014, counsel filed an amended motion on his behalf. On January 28, 2015, an evidentiary hearing was held.

PCRA Court Opinion, 10/21/15, at 1–4 (footnotes omitted).

The PCRA court denied Appellant's PCRA petition on October 21, 2015.

Appellant filed a timely notice of appeal to this Court. Both Appellant and

the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following single issue on appeal:

A. Whether the lower court erred in denying [Appellant's] amended PCRA when counsel failed to properly litigate a meritorious motion to suppress evidence?

Appellant's Brief at 4 (full capitalization omitted).

When reviewing the propriety of an order denying PCRA relief, this

Court is limited to determining whether the evidence of record supports the

conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014).

To be entitled to PCRA relief, an appellant must establish, by a preponderance of the evidence, that 1) his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S. § 9543(a)(2); 2) his claims have not been previously litigated or waived, *id.* at § 9543(a)(3); and 3) the failure to litigate the issue prior to or during trial or on direct appeal could not have been the result of any rational, strategic, or tactical decision by counsel. *Id.* at § 9543(a)(4).

While inartfully and inaccurately worded, Appellant is alleging trial counsel's ineffective assistance in the manner counsel litigated his suppression motion. To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. *Commonwealth v. Stewart*, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*). A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any one of these prongs. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). Counsel is presumed to have rendered effective assistance of

counsel. ***Commonwealth v. Montalvo***, 114 A.3d 401, 410 (Pa. 2015). We have explained that trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*). "We need not analyze the prongs of an ineffectiveness claim in any particular order. Rather, we may discuss first any prong that an appellant cannot satisfy under the prevailing law and the applicable facts and circumstances of the case." ***Commonwealth v. Johnson***, 139 A.3d 1257, 1272 (Pa. 2016) (citing ***Commonwealth v. Albrecht***, 720 A.2d 693, 701 (Pa. 1998)).

The sole focus at the evidentiary hearing, the only issue identified in Appellant's Pa.R.A.P. 1925(b) statement, and the issue raised on appeal is the allegation that trial counsel was ineffective in his argument concerning the suppression motion he filed. Appellant asserts that the Commonwealth violated his constitutional rights "when it examined without a warrant the contents of a cell phone which was seized as a result of a warrantless arrest. The contents of a cell phone cannot be lawfully searched based on a valid warrantless arrest." Appellant's Brief at 11, 16. In support, Appellant cites ***Riley v. California***, ___ U.S. ___, 134 S.Ct. 2473 (2014), and ***Commonwealth v. Stem***, 96 A.3d 407 (Pa. Super. 2014). Appellant does not contend the cellular telephone itself was unlawfully seized; rather, he claims, pursuant to ***Riley***, that the contents of the telephone could not be searched without a warrant.

In rejecting Appellant's claim, we rely on the PCRA court's cogent and thorough explanation and disposition. The PCRA court stated as follows:

The sole issue presented is that trial counsel was ineffective for failing to specifically challenge the search of [Appellant's] cell phone which revealed certain photographs of the victims and others that were used at trial. (N.T. January 28, 2015, pp. 9, 12–13). In support of his position, [Appellant] cites *Riley v. California*, 573 U.S. 134 S.Ct. 2473 (2014), and *Commonwealth v. Stem*, 96 A.3d 407 (Pa. Super. 2014).

In *Riley v. California*, decided June 25, 2014, the Supreme Court of the United States held that police must obtain a warrant to search the contents of a cell phone which is seized incident to arrest. *Riley*, 134 S.Ct. at 2496. In *Stem*, decided July 11, 2014, the Superior Court of Pennsylvania was presented with the same issue that was decided by the Supreme Court in *Riley*— whether police may search the contents of a cell phone seized incident to arrest without obtaining a warrant. *Stem*, 96 A.3d at 409. Based upon the Supreme Court's decision in *Riley*, the Superior Court upheld the trial court's order suppressing evidence obtained from a warrantless search of the defendant's cell phone which was seized incident to arrest. *Stem*, 96 A.3d at 414.

[Appellant] asserts that trial counsel was ineffective for failing to argue at the suppression hearing that the search of the lawfully seized cell phone was illegal based on *Riley* and *Stem*. However, both these cases were decided after [Appellant's] appellate rights were exhausted on direct review. The suppression hearing was held on July 1, 2011. . . .

Moreover, the record shows that the Commonwealth did obtain a warrant prior to searching the cell phone. Testimony at the suppression hearing established that [Appellant's] cell phone was seized pursuant to a search incident to his arrest on September 11, 2009. (N.T. July 1, 2011, pp. 11, 21–22, 34–35). On the same date, law enforcement officers obtained a warrant to search his home and person. (N.T. January 28, 2015, at 5–6; Def. Ex. 1). The warrant authorized the police to seize and examine the contents of all computers and electronic devices including cell phones. (Id., Def. Ex. 1). The contents of

the cell phone were not examined until after the warrant was obtained. (N.T. July 1, 2011, pp. 48, 50–51).

While [Appellant] notes that the cell phone is not listed on the inventory for the search warrant, (Def. Ex. 1), this omission does not entitle him to relief. The cell phone was already in the possession of the police when the search of [Appellant's] residence took place. Under the circumstances, the failure to list it on the inventory of items seized would be at most a technical oversight in violation of Pa.R.Cr[im].P. 209[19] which would not affect any of [Appellant's] substantive rights. "Nothing in the history of the Rules themselves, or related case law, mandates that every violation of the Rules of Criminal Procedure—however technical—requires exclusion of evidence seized in the process. Rather . . . it is only where the violation implicates fundamental constitutional concerns that exclusion may be appropriate." *Commonwealth v. Ruey*, 854 A.2d 560, 568 [Pa. Super. 2004] (quoting *Commonwealth v. Edmunds*, 526 Pa. 374, 407, n.14, 586 A.2d 887, 903 n.14 (1991)). There is no question that [Appellant] knew the cell phone had been seized[,] as he challenged the admissibility of the evidence obtained from it. (N.T. July 1, 2011, pp. 7–8, 54–55; N.T. January 28, 2015, p.8).

[19] Rule 209(C) requires that an inventory of items seized shall be made by the law enforcement officer serving a search warrant. Pa.R.Cr[im].P. 209(C). In this case, the cell phone was not seized by the officer serving the search warrant, but by the officers who took [Appellant] into custody prior to the search of his residence. Since [Appellant] was searched incident to arrest, it may not be necessary to list the cellphone on the inventory for the search warrant. The Court need not resolve this question since the search of the contents of the cell phone was authorized by the search warrant.

Based upon the record, [Appellant] has failed to establish that his claim has arguable merit. Therefore, the [c]ourt need not consider whether he has satisfied the second and third prongs of a claim of ineffective assistance of counsel. *Commonwealth v. Chmiel*, 585 Pa. 547, 614, 889 A.2d 501, 541 (2005) (citing *Commonwealth v. Williams*, 537 Pa. 1, 29, 640 A.2d 1251, 1265 (1994)).

PCRA Court Opinion, 10/21/15, at 7–10 (some footnotes omitted).  We rely

on the PCRA court's reasoning and adopt it as our own.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/26/2016