J-S22005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LUIS MANUEL OCASIO-SANTANA, | |
| Appellant | No. 1114 MDA 2016 |

Appeal from the PCRA Order May 24, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0004407-2008

BEFORE:  SHOGAN, MOULTON, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MAY 11, 2017**

Appellant, Luis Manuel Ocasio-Santana, appeals *pro se* from the order denying his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

A prior panel of this Court addressed Appellant's appeal from the denial of his first PCRA petition, and it provided the following factual background:

> On August 6, 2008, Appellant stabbed his girlfriend multiple times in the face, chest, and abdomen. The victim's daughter was also wounded as she attempted to protect her mother from Appellant. On March 24, 2009, Appellant entered into a negotiated guilty plea agreement to the charges of criminal attempt (criminal homicide), aggravated assault, and simple assault.[1] The trial court imposed the negotiated sentence

---

[*]  Retired Senior Judge assigned to the Superior Court.

of 12 to 24 years' incarceration. Appellant did not file post-sentence motions or a direct appeal.

> [1] 18 Pa.C.S. §§ 901(a), 2702(a)(1) and 2701(a)(1), respectively.

> On March 19, 2010, Appellant filed a timely *pro se* PCRA petition alleging claims of ineffective assistance of trial counsel. PCRA counsel was appointed to assist Appellant with his amended PCRA petition. On February 9, 2011, an evidentiary hearing was held on Appellant's amended PCRA petition. On March 23, 2011, the trial court entered an order denying Appellant's request for PCRA relief.

*Commonwealth v. Ocasio-Santana*, 602 MDA 2011, 40 A.3d 203 (Pa. Super. filed December 27, 2011) (unpublished memorandum). This Court affirmed the denial of PCRA relief, *id.*, and the Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Ocasio-Santana*, 47 A.3d 846, 33 MAL 2012 (Pa. filed June 13, 2012).

On March 21, 2016, Appellant filed his second PCRA petition. On April 29, 2016, the PCRA court provided notice of its intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907 on the basis that it was untimely. On May 24, 2016, the PCRA court dismissed Appellant's petition. This timely appeal followed.

On appeal, Appellant presents the following issue for this Court's consideration:

> Whether the Lower Court erred in finding [Appellant's] PCRA [petition] as untimely where the United States Supreme Court in

> **Montgomery v. Louisiana**[1] held that any cases out of their Court that were substantive in nature were retroactively applicable to all the States and in doing so caused **Alleyne v. U.S.**[2] to become retroactively applicable to the [Appellant].

Appellant's Brief at vii.

Our standard of review of an order denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Perez***, 103 A.3d 344, 347 (Pa. Super. 2014). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Lippert,*** 85 A.3d 1095, 1100 (Pa. Super. 2014).

Initially, we address whether Appellant's petition is properly before us. Any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and a court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651–652 (Pa. Super. 2013) (citing ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000)). "A judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United

---

[1] ***Montgomery v. Louisiana***, ___U.S.___, 136 S.Ct. 718 (2016).

[2] ***Alleyne v. U.S.***, ___U.S.___, 133 S.Ct. 2151, 2163 (2013).

States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

In the case at bar, Appellant pled guilty and was sentenced on March 24, 2009. Appellant did not file post-sentence motions or a direct appeal. Therefore, Appellant's judgment of sentence became final thirty days later on April 23, 2009. Pa.R.A.P. 903; 42 Pa.C.S. § 9545(b)(3). Accordingly, Appellant had until April 23, 2010, to file a timely PCRA petition. 42 Pa.C.S. § 9545(b)(1). Appellant did not file the PCRA petition underlying this appeal until March 21, 2016, rendering this PCRA petition patently untimely.

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[3] A petition invoking one of these exceptions must be filed

_____

[3] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the

*(Footnote Continued Next Page)*

within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). ***Commonwealth v. Carr***, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Here, Appellant claims that his sentence was illegal in light of the holdings from ***Alleyne*** and ***Montgomery***. After review, we conclude that Appellant's argument is meritless.

In ***Alleyne***, the United States Supreme Court held that any facts that increase a mandatory minimum sentence must be submitted to the jury and found beyond a reasonable doubt. ***Alleyne***, 133 S.Ct. at 2155, 2163. However, the Pennsylvania Supreme Court held that ***Alleyne*** does not apply retroactively to collateral attacks on a petitioner's mandatory minimum sentence. ***Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016). Additionally, ***Alleyne*** is also inapplicable because Appellant was not sentenced to a mandatory minimum term of incarceration.

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯

Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

Moreover, while **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), states that **Miller v. Alabama**, 132 S.Ct. 2455 (2012),[4] applies retroactively to cases on collateral review, Appellant was not sentenced to a mandatory term of life without the possibility of parole. Furthermore, Appellant was not a juvenile at the time he committed his crimes. Thus, we agree with the PCRA court that Appellant's second PCRA petition was untimely, and Appellant failed to overcome the PCRA's jurisdictional time bar.

For the reasons set forth above, we conclude that Appellant is entitled to no relief. Accordingly we affirm the order denying Appellant's second PCRA petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/11/2017</u>

_____

[4] In **Miller**, the United States Supreme Court held that it is unconstitutional to impose a mandatory sentence of life imprisonment without the possibility of parole on juvenile offenders. **Miller**, 132 S.Ct. at 2475.