J-S49003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WALTER SAWYER | : | |
| | : | |
| Appellant | : | No. 433 MDA 2018 |

Appeal from the PCRA Order February 16, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0004317-2013

BEFORE:   SHOGAN, J., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:                **FILED OCTOBER 16, 2018**

Appellant, Walter Sawyer, appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  We affirm.

This Court previously summarized the factual and procedural history of this case as follows:

> On December 15, 2012, a sixteen-year-old girl, B.B., was traveling by bus from Indianapolis to Hazleton.  During a stop in Harrisburg, B.B. left the bus station to smoke a cigarette. [Appellant] approached B.B. and started a conversation.  B.B. told [Appellant] that she was hungry, and [Appellant] offered to drive B.B. to a gas station so that she could buy food.  B.B. accepted the offer and entered [Appellant's] vehicle.
>
> [Appellant] subsequently drove B.B. to a secluded parking lot under a nearby bridge.  [Appellant] told B.B. to have sex with him, or else he would not drive her back to the station in time for her to catch the bus to Hazleton.  As [Appellant] began to pull down B.B.'s pants, State Capitol Police Sergeant Michael Schmidt, who was on routine patrol at the time, arrived at the scene.

_____

* Former Justice specially assigned to the Superior Court.

[Appellant] provided the birth certificate and Social Security card of another individual as his own identification.

A jury convicted [Appellant] of kidnapping, unlawful contact with a minor, and false identification. Prior to sentencing, the Commonwealth provided notice of its intent to seek a mandatory minimum sentence under the "three strikes" provision of 42 Pa.C.S.A. § 9714(a)(2). Thereafter, the trial court imposed an aggregate sentence of 25 to 50 years' imprisonment, consisting of 25 to 50 years' imprisonment for kidnapping, 5 to 10 years' concurrent imprisonment for unlawful contact with a minor, and 1 to 2 years' concurrent imprisonment for false identification. The court imposed the kidnapping conviction pursuant to § 9714(a)(2).

[Appellant] timely filed counseled post-sentence motions, arguing that the court imposed an illegal sentence above the statutory maximum for the false identification conviction. [Appellant] also claimed the verdict was against the weight of the evidence. Before the court ruled on the counseled post-sentence motions, [Appellant] filed a request to proceed *pro se*. The court conducted a hearing, pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). Following the hearing, the court determined that [Appellant's] waiver of counsel was knowing, voluntary, and intelligent, and it permitted trial counsel to withdraw. On the same day of the **Grazier** hearing, the court issued an amended sentencing order, modifying [Appellant's] sentence for the false identification conviction to 6 to 12 months' imprisonment. The court did not alter [Appellant's] remaining sentences, and it did not rule on the weight claim from the counseled post-sentence motions.

Thereafter, [Appellant] filed a *pro se* amendment to his counseled post-sentence motions. In the *pro se* amendment, [Appellant] included claims regarding subject matter jurisdiction, due process violations, defects in the pretrial proceedings and charging instruments, Rule 600, the legality of the mandatory minimum sentence, and the sufficiency of the evidence supporting the convictions. The court subsequently granted [Appellant's] post-sentence motions in part. Specifically, the court determined that [Appellant] had not committed two prior crimes of violence to support the imposition of a "third strike" sentence under § 9714(a)(2); instead, [Appellant] had committed only one prior crime of violence. Thus, the court vacated [Appellant's] sentence

for kidnapping and resentenced him to a mandatory term of 120 months' imprisonment, pursuant to § 9714(a)(1).[1] The court did not alter [Appellant's] remaining sentences, and it denied relief on all other claims raised in the counseled and *pro se* post-sentence motions.

> [1] In the trial court's opinion and order granting the post-sentence motions in part, the court initially states that it had resentenced [Appellant] "pursuant to § 9714(a) to a term of 120-*240* months of incarceration in a State Correctional Institute at Count 1." (Trial Court Memorandum Opinion and Order, filed August 6, 2014, at 13) (emphasis added). Nevertheless, the court later states that it resentenced [Appellant] "to a term of 120-*140* months of incarceration in a State Correctional Institute at Count 1." *Id.*, at 14 (emphasis added). Further, the relevant docket entry states: "The court ... resentences [Appellant] to a term of 120-*140* months of incarceration in a State Correctional Institute at Count 1." (Criminal Docket Entries, printed 1/13/16, at 10) (emphasis added).

[Appellant] subsequently filed a timely direct appeal. In his appeal, [Appellant] included claims regarding weight of the evidence, subject matter jurisdiction, due process violations, Rule 600, defects in the pretrial proceedings and charging instruments, and the legality of the mandatory minimum sentence imposed pursuant to § 9714(a)(1). This Court, in its memorandum decision at **Commonwealth v. Sawyer**, [121 A.3d 1138,] 1530 MDA 2014, at 13-14 (Pa. Super. filed April 22, 2015) (unpublished memorandum), affirmed the convictions, but vacated the judgment of sentence based on the fact that it was illegal, since the maximum sentence of 140 months did not equal twice the minimum sentence of 120 months, and remanded for resentencing. [Appellant] subsequently filed a motion for reconsideration, which this Court denied. Thereafter, pursuant to this Court's directive, the trial court resentenced [Appellant] to 120 to 240 months' imprisonment.

**Commonwealth v. Sawyer**, 154 A.3d 861, 1981 MDA 2015 (Pa. Super. filed July 19, 2016 (unpublished memorandum at *1–2).

- 3 -

Appellant filed a direct appeal "following remand for the limited purpose of correcting an illegal sentence . . . ." *Sawyer*, 1981 MDA 2015 (unpublished memorandum at *2). We determined that none of Appellant's issues merited relief, and we affirmed the judgment of sentence. *Id*. Our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Sawyer*, 164 A.3d 477, 607 MAL 2016 (Pa. filed December 28, 2016).

Appellant filed the instant, timely, *pro se* PCRA petition on January 25, 2017. The PCRA court appointed counsel, who filed a supplemental PCRA petition on April 18, 2017. The PCRA court held an evidentiary hearing on July 25, 2017. On January 18, 2018, the PCRA court entered notice of intent to dismiss the petition. On February 16, 2018, the PCRA court dismissed Appellant's PCRA petition. Appellant filed a timely notice of appeal to this Court on March 7, 2018. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises two issues of trial counsel's ineffective assistance, arguing counsel permitted the jury to believe the age of consent was eighteen years old and failed to object to jury instructions to that effect. Appellant also assails the trial court's jury instructions, as follows:

> A. Whether the trial Court erred by determining that trial counsel was not ineffective, and that no prejudice resulted from the repeated references to the age of consent being 18, and the failure of trial counsel to seek instructions and/or clarification concerning the age of consent during the trial, when the admitted case strategy defending the case was that of consent?

B. Whether the trial Court erred in determining that trial counsel was not ineffective for failing to object to the erroneous jury instructions which made the threshold for conviction easier?

C. Whether the trial Court erred when it determined that the jury instructions provided were the standard jury instructions and thus no objection by trial counsel was necessary?

D. Whether the trial Court erred when it determined that the cumulative errors of counsel did not prejudice the Appellant?

E. Whether the trial court erred in failing to provide the correct analysis concerning erroneous jury instructions?

Appellant's Brief at 3.

When reviewing the propriety of an order denying PCRA relief, this Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014). Moreover, we consider the record in the light most favorable to the prevailing party at the PCRA level. *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015); *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*). Where there are allegations of ineffectiveness of counsel, as here, the claims alleged must have "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Cousar*, 154 A.3d 287, 296 (Pa. 2017); 42 Pa.C.S. § 9543(a)(2). In addition, a PCRA petitioner must show that the

- 5 -

claims of error have not been previously waived. 42 Pa.C.S. § 9543(a)(3). ***Commonwealth v. Blakeney***, 108 A.3d 739, 749 (Pa. 2014). "An issue has been waived 'if the petitioner could have raised it but failed to do so before trial, at trial, on appeal or in a prior state post conviction proceeding.'" 42 Pa.C.S. § 9544(b); ***Blakeney***, 108 A.3d at 749. The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014).

We address Appellant's issues out of order. Regarding issues C and E assailing the jury instructions, the issues have been waived. Under the PCRA, an issue is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b). Appellant's brief makes clear that issues C and E are not raised in the context of ineffective assistance of counsel. Appellant's Brief at 28–29, 30–38. As Appellant could have raised the propriety of the trial court's jury instructions in his direct appeal, but he failed to do so, the claims are waived. ***Commonwealth v. Lambert***, 797 A.2d 232, 240 (Pa. 2001) (PCRA petitioner's issues that could have been raised on direct appeal but were not, are waived under 42 Pa.C.S. § 9544(b)); 42 Pa.C.S. § 9543(a)(3) (instructing that, to be entitled to PCRA relief, an appellant must establish, *inter alia*, that his claims have not been waived).

Appellant's issues A and B aver that trial counsel provided ineffective assistance by permitting the jury to believe the age of consent was eighteen

years old and by failing to object to jury instructions to that effect. When considering an allegation of ineffective assistance of counsel, we presume that counsel provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) petitioner was prejudiced by counsel's action or omission. ***Commonwealth v. Johnson***, 179 A.3d 1105, 1114 (Pa. Super. 2018) (citing ***Commonwealth v. Pierce***, 527 A.2d 973, 975–976 (Pa. 1987)). "An [ineffective-assistance-of-counsel] claim will fail if the petitioner's evidence fails to meet any one of the three prongs." ***Commonwealth v. Simpson***, 66 A.3d 253, 260 (Pa. 2013). Because courts must presume that counsel was effective, the burden of proving ineffectiveness rests with the petitioner. ***Commonwealth v. Montalvo***, 114 A.3d 401, 410 (Pa. 2015). Moreover:

> Regarding the prejudice prong, a petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. ***Commonwealth v. Dennis***, 597 Pa. 159, 950 A.2d 945, 954 (2008). Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness the petitioner must advance sufficient evidence to overcome this presumption. [***Commonwealth v.***] ***Sepulveda***, 55 A.3d [1108] at 1117 [(Pa. 2012)].
>
> We need not analyze the prongs of an ineffectiveness claim in any particular order. Rather, we may discuss first any prong that an appellant cannot satisfy under the prevailing law and the applicable facts and circumstances of the case. ***Id***. at 1117–18; ***Commonwealth v. Albrecht***, 554 Pa. 31, 720 A.2d 693, 701 (1998). Finally, counsel cannot be deemed ineffective for failing to raise a meritless claim. ***Commonwealth v. Jones***, 590 Pa. 202, 912 A.2d 268, 278 (2006).

*Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016).

The PCRA court summarized the PCRA evidentiary hearing, wherein trial counsel testified, as follows:

The hearing was held July 25, 2017, to address allegations of ineffective assistance of counsel. [Defense Counsel] recalled the defense in the case was that the victim consented to the encounter, but that Appellant also told her that B.B. (the victim) said she was of age. (Notes of Testimony, PCRA Evidentiary Hearing 7/25/17 p. 4-5, 21).

[PCRA Counsel] alleged ineffective assistance of counsel by allowing the jury to hear during trial that the age of consent for sex was 18, by failing to object to the inaccurate jury instructions (which included multiple incorrect instructions concerning the age of consent), and in failing to request that the court properly instruct the jury on the crimes of indecent assault, unlawful contact and kidnapping.

[Defense Counsel] reviewed the transcript during her testimony. She conceded that she did say "as long as she's legal, legal meaning 18[] at one point. She testified that the age of 18 was not related to the attempted indecent assault charge, but related to the felony charges as being under 18 increased the grading of the offenses to felonies. Appellant's subjective belief regarding her age would not have been a defense to any charges. [Defense Counsel] admitted she could not recall why she did not object to jury instructions which used 18 in the context of indecent assault when the [c]ourt was instructing the jury on unlawful contact with a minor.

Pa.R.A.P. 1925(a) Opinion, 5/2/18, at 4–5 (footnote and internal citations to the record omitted).

The PCRA court concluded that even if there was jury confusion regarding the age of consent, and thus, arguable merit to Appellant's claims, prejudice could not be shown. Pa.R.A.P. 1925(a) Opinion, 5/2/18, at 6. The

PCRA court acknowledged that it utilized the standard jury instructions and referenced not the age of consent, but the age of minority. *Id*. at 5. The PCRA court stated:

> The crux of [PCRA Counsel's] argument is that because of confusion about the age of consent, it is possible that the jury could have found Appellant not guilty on kidnapping and unlawful contact with a minor if they had known the age of consent for sexual contact is 16 in Pennsylvania and believed that B.B. consented. However, B.B. testified at trial that she did not consent. [Defense counsel] admitted at the PCRA hearing that the defense was consent; thus if there was jury confusion regarding the age of consent, it did not cause prejudice. However, the jury asked whether being guilty of unlawful contact with a minor automatically meant guilty of criminal attempt indecent assault because she was a minor. The [c]ourt re-read instructions and the jury found him not guilty of criminal attempt indecent assault indicating that the jury did understand the difference between the issue of being a minor and the issue of consent. No prejudice resulted from the passing references to 18 being "legal" nor was there reason for trial counsel to challenge standard jury instructions.

Pa.R.A.P. 1925(a) Opinion, 5/2/18, at 6.

Initially, we are compelled to observe that Appellant's vague presentation of issues A and B impedes our ability to address his claims. Regarding issue A, Appellant asserts that the jury was never informed of the correct legal age of consent in Pennsylvania. Appellant's Brief at 15. He suggests that the jury:

> repeatedly either heard or was instructed that because the complaining witness was 16 at the time of the episode, unless the Appellant reasonably believed that the complaining witness was over 18, he was guilty of criminal conduct. Thus, the repeated failure to correct this false legal narrative allowed the Appellant to be convicted of crimes for lawful behavior.

*Id*. at 16. However, Appellant does not cite any law regarding the age of consent, he cites no case law in support of his claim, and he does not explain the nexus between his assertion of error and the law. *Id*. at 15–22.

Likewise, in issue B, Appellant fails to cite to any case law in support of his claim that the PCRA Court erred in determining that defense counsel was not ineffective for failing to object to "erroneous" jury instructions. Appellant's Brief at 22–28. Appellant's first two arguments in his brief are vague and conclusory, and the claims are undeveloped. Appellant's Brief at 15–28. Appellant wholly fails to refer to relevant and controlling case law. Therefore, we find issues A and B waived. *See Commonwealth v. Woodard*, 129 A.3d 480, 509 (Pa. 2015) (quoting *Wirth v. Commonwealth*, 95 A.3d 822, 837 (Pa. 2013), which stated that "where an appellate brief fails to . . . develop an issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of an appellate court to formulate [the] appellant's arguments for him.") (internal quotations omitted)).

If not waived, however, we conclude, as did the PCRA court, that even if Appellant's claims of ineffective assistance have arguable merit, Appellant cannot prove the prejudice prong of the relevant ineffectiveness test. The victim, sixteen-year-old B.B., tearfully testified that during a Greyhound Bus layover in Harrisburg, while on her way from her sister's home in Indianapolis to B.B.'s home in Hazelton, Appellant drove B.B. to a secluded location "under a bridge" and proceeded to force her to have sexual intercourse. N.T., 4/21–

22/14, at 69–79. As Appellant unbuttoned and pulled down B.B.'s pants, Sergeant Michael C. Schmidt of the State Capitol Police arrived while he was completing patrol duty around the State Street Bridge. *Id*. at 21–23. B.B. told Sergeant Schmidt that Appellant had forced her to engage in sex; the officer described B.B.'s demeanor as crying, very upset, and scared. *Id*. at 34–35. B.B. herself testified that she was "afraid, frantic, crying, and hysterical." *Id*. at 83. This Court has stated, to satisfy the prejudice prong of the ineffective-assistance-of-counsel test:

> it must be demonstrated that, absent counsel's conduct, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Charleston*, 94 A.3d 1012, 1019 (Pa. Super. 2014). If it has not been demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone, and the court need not first decide whether the first and second prongs have been met.

*Commonwealth v. Perez*, 103 A.3d 344, 348 (Pa. Super. 2014).

Thus, we reject Appellant's claims of ineffective assistance of counsel because there is no reasonable probability that the outcome of the proceedings would have been different. There was no testimony that B.B. was engaging in consensual sex; thus it strains credulity that the jury could have concluded her encounter with Appellant was consensual. Appellant has not established that but-for the alleged error of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. This is especially true when considered in the context of the ample and credible Commonwealth evidence in support of Appellant's conviction. Therefore,

Appellant cannot establish the necessary prejudice from trial counsel's failure to act.

Finally, we reject Appellant's issue D, *i.e.*, that the PCRA court erred when it determined that "cumulative errors of counsel" did not prejudice Appellant. Appellant's Brief at 29. First, we have not found cumulative errors. Second, we have stated that no number of failed ineffectiveness-of-counsel claims may collectively warrant relief if they do not do so individually. ***Commonwealth v. Elliott***, 80 A.3d 415, 450 (Pa. 2013).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/16/2018