COMMONWEALTH of Pennsylvania,
Appellee

v.

Eric LIPPERT, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 23, 2013.
Filed Feb. 13, 2014.

Lee T. Bickerton, Pittsburgh, for appellant.

Michael W. Streily, Rebecca Good McBride, District Attorney's Office, Pittsburgh, PA, for Commonwealth, appellee.

BEFORE: FORD ELLIOTT, P.J.E., WECHT, and STRASSBURGER,* JJ.

OPINION BY STRASSBURGER, J.:

Eric Lippert (Appellant) appeals from an order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. We vacate the order and remand for proceedings consistent with this opinion.

On May 3, 2012, Appellant entered a plea of *nolo contendere* to one count of

indecent assault, and the trial court sentenced him the same day. Appellant did not pursue a direct appeal.

On December 11, 2012, Appellant filed a PCRA petition. In the petition, Appellant averred:

a. [Appellant's] guilty plea was unknowing, involuntary, and/or unintelligent.

 1. [Appellant] waived his right to a trial and chose to enter a *nolo contendere* to Indecent Assault because he specifically wished to avoid registering as a sexual offender.

 2. The Pennsylvania Legislature passed a law making Indecent Assault an offense requiring registration effective December 20, 2012.[1]

 3. As a result of the December 20, 2012 registration requirement, the terms of [Appellant's] guilty plea have changed without his consent.

b. Trial counsel rendered ineffective assistance by informing [Appellant] that a plea to Indecent Assault would not require registration under Megan's Law.

 i. There is no reasonable legal strategy in misinforming a defendant about the nature of his plea.

 ii. Since [Appellant] will become a registered sexual offender on December 20, 2012, he was prejudiced by Trial counsel's action.

---

* Retired Senior Judge assigned to the Superior Court.

1. On December 20, 2011, Pennsylvania enacted a piece of legislation that substantially changed the law regarding registration requirements for persons convicted of sexual offenses. 2011, Dec. 20, P.L. 446, No. 111, § 12 (effective December 20, 2012), amended by 2012, July 5, P.L. 880, No. 91, § 3 (effective December 20, 2012). The legislation is codified at 42 Pa.C.S. §§ 9799.10–9799.41 and is known as the Sex Offender Registration and Notification Act or SORNA. One of the stated purposes of SORNA is "[t]o bring the Commonwealth into substantial compliance with the Adam Walsh Child Protection and Safety Act of 2006 (Public Law 109–248, 120 Stat. 587)." 42 Pa.C.S. § 9799.10(1) (footnote omitted).

c. Trial counsel rendered ineffective assistance by not informing [Appellant] of the modification to Megan's Law and how that modification would affect [Appellant].

 i. There is no reasonable strategy in failing to inform [Appellant] of the modification to Megan's Law and how that modification would affect [Appellant].

 ii. Since [Appellant] will become a registered sexual offender on December 20, 2012, he was prejudiced by Trial counsel's action.

 iii. Under *Padilla v. Kentucky* [559 U.S. 356], 130 S.Ct. 1473 [176 L.Ed.2d 284] (2010); the failure to warn a defendant of a serious collateral consequence constitutes ineffective assistance.

PCRA Petition, 12/11/2012, at ¶ 6.

In its answer to the petition, the Commonwealth argued that Appellant improperly pled his claims. In the alternative, the Commonwealth contended that Appellant's claims of ineffective assistance of counsel lack merit. In this regard, the Commonwealth highlighted that the sexual offender reporting and registration requirements to which Appellant's petition refers are collateral consequences of his plea. The Commonwealth ultimately took the position that Appellant's claims are not cognizable under the PCRA.

On January 14, 2013, the PCRA court issued notice, pursuant to Pa.R.Crim.P. 907(1), that it intended to dismiss Appellant's petition without holding an evidentiary hearing. Appellant filed an answer to the court's notice. The court formally dismissed the petition on February 13, 2013. Appellant timely filed a notice of appeal.

The PCRA court directed Appellant to comply with Pa.R.A.P.1925(b), and Appel-lant subsequently filed a "Statement Pursuant to Pa.R.A.P.1925(b)." The PCRA court issued an opinion addressing Appellant's Pa.R.A.P.1925(b) statement.

In his brief to this Court, Appellant asks us to consider the following two questions:

1.) Should this case be remanded for a PCRA hearing?

2.) Did trial counsel render ineffective assistance?

Appellant's Brief at 5 (PCRA court's answers omitted).

Before we address Appellant's issues, we first will consider the PCRA court's and Commonwealth's contention that Appellant waived his appellate issues. In its Pa.R.A.P.1925(a) opinion, the PCRA court opined that it could find that Appellant waived the issues he raised in his Pa. R.A.P.1925(b) statement, essentially because the issues were vague. The Commonwealth also takes the position that Appellant waived his appellate issues due to his allegedly vague Pa.R.A.P.1925(b) statement. In addition, the Commonwealth maintains that Appellant failed to preserve his appellate issues because "the Certification Appellant attached to his PCRA petition was woefully deficient." Commonwealth's Brief at 7.

Regarding the witness certification attached to Appellant's PCRA petition, we note the following principles of law:

A request for an evidentiary hearing must include a certification, signed by the petitioner, as to each intended witness, identifying the witness's name, address, date of birth, the expected substance of his or her testimony, and any documents material to that testimony. 42 Pa.C.S. § 9545(d)(1). Failure to substantially comply with this requirement will render the proposed witness's testimony inadmissible. *Id.*

Pennsylvania Rule of Criminal Procedure 905 is intended to provide petitioners with a legitimate opportunity to present their claims to the PCRA court, in a manner sufficient to avoid dismissal due to a correctable defect in pleading or presentation. *E.g. Commonwealth v. McGill*, 574 Pa. 574, 832 A.2d 1014, 1024 (2003). Thus, when a PCRA court is presented with a PCRA petition that is defective in form or content, the judge should indicate to the petitioner the nature of the defects and provide an opportunity for the petitioner to amend. Pa.R.Crim.P. 905(B) cmt.; *Commonwealth v. Rush*, 576 Pa. 3, 838 A.2d 651 (2003).

*Commonwealth v. Robinson*, 596 Pa. 580, 947 A.2d 710, 711 (2008).

Appellant's witness certification states,

I, Lea T. Bickerton, Esquire, certify that, if an evidentiary hearing is granted, I plan to call the following witnesses:

 1. Trial Counsel William E. Brennan regarding the terms of Petitioner's plea agreement.

 2. Petitioner Eric Lippert regarding his plea agreement and sentencing.

 3. Counsel will amend the certification should new evidence or witnesses come forward.

PCRA Petition, 12/11/2012, at unnumbered page 4.

The certification is deficient in several ways. For instance, the certification is not signed by Appellant, and it does not identify the proposed witnesses' addresses or dates of birth. Thus, the certification arguably fails to comply substantially with 42 Pa.C.S. § 9545(d)(1).

■ However, in both its Pa.R.Crim.P. 907(1) notice and its order formally dismissing Appellant's petition, the PCRA court stated only that the petition lacked issues of arguable merit. The court made no mention of Appellant's deficient witness certification; as a result, Appellant was not afforded the opportunity to amend his petition to comply with Subsection 9545(d)(1). We, therefore, cannot affirm the PCRA court's order based upon the deficient certification. *Robinson*, 947 A.2d at 710–11. For reasons that will follow, we vacate the PCRA court's order and remand to the PCRA court. On remand, Appellant shall be permitted to amend his petition to comply with Subsection 9545(d)(1). *Id.*

As to Appellant's Pa.R.A.P.1925(b) statement, it provides as follows:

 1.) Is an individual eligible for [PCRA r]elief when an act of the legislature changes the terms of his plea agreement?

 2.) Have the United States Supreme Court rulings rendered the pre–2010 collateral/direct consequences analyses invalid when used to determine whether counsel was ineffective?

 3.) In the alternative, is the collateral/direct consequences analysis invalid in a situation where an individual has negotiated a specific plea in order to avoid sexual offender registration?

 4.) Should this case be remanded for a PCRA hearing since the negotiations and reasons for the negotiations that led to Petitioner pleading to a non-Megan's Law offense were not captured on the record?

 5.) Did trial counsel render ineffective assistance?

Pa.R.A.P.1925(b) Statement, 4/8/2013.

Appellant's Pa.R.A.P.1925(b) statement is not a model of clarity, which could result in the waiver of all issues on appeal. *See Commonwealth v. Hansley*, 24 A.3d 410, 415 (Pa.Super.2011) ("Thus, if a concise statement is too vague, the court may find waiver."). However, Appellant claimed in

his PCRA petition, *inter alia,* that counsel was ineffective for informing him that his plea to indecent assault would not require him to comply with sexual offender registration requirements. PCRA Petition, 12/11/2012, at ¶ 6 b. With this context in mind, we conclude that Appellant's Pa. R.A.P.1925(b) statement provided sufficient notice as to the issues Appellant intended to raise on appeal. We further conclude that the statement adequately presented the issues Appellant raises on appeal. Consequently, we decline to find Appellant's issues waived due to a failure to comply with Pa.R.A.P.1925.

Regarding the merits of Appellant's issues, we note that, despite asserting that it could find Appellant's issues waived, the PCRA court nonetheless addressed Appellant's issues. The court's rationale for rejecting Appellant's claims can be summarized as follows:

> Since the *Mendoza–Martinez* [2] factors support the [PCRA c]ourt's determination that registration under the Adam Walsh Act is a collateral consequence, and because defense counsel cannot be expected to predict future changes in the law which might impact his or her client, counsel cannot be deemed ineffective for failing to advise him regarding a subsequently enacted registration requirement. As a result, Appellant's claim does not contain issues of arguable merit and it was not error for this Court to dismiss the PCRA petition without a hearing.

PCRA Court Opinion, 6/4/2013, at 9.

According to Appellant, "[t]he Adam Walsh Act was signed into law on December 20, 2011. Since the law subjecting [Appellant] to sex offender registration was passed five months prior to the entry of the *nolo contendere* plea, [t]rial counsel cannot be said to have been unable to foresee a consequence that was already codified." Appellant's Brief at 9. The crux of Appellant's argument is that trial counsel misled and misinformed him that his plea would not subject him to sexual offender registration requirements. Appellant asserts that "[t]here is no reasonable legal strategy in misinforming a defendant about the nature of his plea." *Id.* at 13 (citation omitted). Appellant further contends that, had he known prior to entering his plea that he would have to register as a sexual offender, he would not have offered his plea but, instead, would have chosen to go to trial. Appellant believes he is entitled to an evidentiary hearing in order to prove his claim that plea counsel was ineffective in this regard.

The Commonwealth first takes the position that Appellant's claim lacks arguable merit. Citing to *Commonwealth v. Leidig,* 598 Pa. 211, 956 A.2d 399 (2008), the Commonwealth argues that, because sexual offender registration requirements are collateral to a guilty or *nolo contendere* plea, Appellant's lack of knowledge of these requirements does not undermine the validity of his plea. The Commonwealth states, "Since Appellant did not need to be advised about the collateral consequence of sex offender registration, [plea counsel's] alleged misinformation about the registration requirement was not a basis upon which the PCRA court could grant relief and permit Appellant to withdraw his plea." Commonwealth's Brief at 12–13. Lastly, the Commonwealth contends that Appellant cannot establish that he was prejudiced by plea counsel's alleged deficient representation.

 In addressing these arguments, we are mindful of the following principles of law.

---

**2.** *Kennedy v. Mendoza–Martinez,* 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963).

[An a]ppellant's claim for ineffective assistance of counsel in connection with advice rendered regarding whether to plead guilty is cognizable under the PCRA pursuant to 42 Pa.C.S. § 9543(a)(2)(ii).[3] Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

Pennsylvania has recast the two-factor inquiry regarding the effectiveness of counsel set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), as the following three-factor inquiry:

> [I]n order to obtain relief based on [an ineffective assistance of counsel] claim, a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

Trial counsel is presumed to be effective, and Appellant bears the burden of pleading and proving each of the three factors by a preponderance of the evidence.

The right to the constitutionally effective assistance of counsel extends to counsel's role in guiding his client with regard to the consequences of entering into a guilty plea.

Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Barndt*, 74 A.3d 185, 191–92 (Pa.Super.2013) (citations, quotation marks, and footnote omitted).

The Commonwealth is correct that our Supreme Court has held that sexual offender registration requirements are collateral consequences to a defendant's *nolo contendere* plea and that a defendant's lack of knowledge of those consequences does not undermine the validity of the plea. *See Leidig*, 956 A.2d at 406 ("To the extent that there was any confusion following those decisions that the registration requirements of Megan's Law are collateral and not direct consequences of a plea or other conviction, we settle the issue here: such requirements are collateral consequences and, as such, a defendant's lack of knowledge of these collateral consequences to his or her pleading guilty or *nolo contendere* fails to undermine the validity of

---

**3.** "It is well established that a plea of *nolo contendere* is treated as a guilty plea in terms of its effect upon a given case." *Common-* *wealth v. V.G.*, 9 A.3d 222, 226 (Pa.Super.2010).

the plea."). However, this Court recently stated:

> As clear as our case law is that counsel's omission to mention a collateral consequence of a guilty plea does not constitute ineffective assistance of counsel, it is equally clear that counsel's assistance is constitutionally ineffective when counsel misapprehends the consequences of a given plea and misleads his client accordingly about those consequences, without regard to whether the consequences in question are "direct" or "collateral."

*Barndt,* 74 A.3d at 196 (citations omitted).

▇ Here, Appellant has abandoned any claim that plea counsel failed to inform him that he would be required to register as a sexual offender. Appellant's sole claim is that plea counsel was ineffective for misleading and misinforming him that he would not have to register as a sexual offender if he entered his plea of *nolo contendere.*[4] As *Barndt* makes clear, such a claim, at least on its face, has arguable merit. If Appellant can prove that counsel misinformed him about the consequences of his plea, the claim would have arguable merit.

We further observe that the PCRA court was correct when it noted that "[c]ounsel cannot be deemed ineffective for failing to predict developments or changes in the law." *Commonwealth v. Gribble,*

4. Given the nature of Appellant's claim, we need not address whether the United States Supreme Court's decision in *Padilla v. Kentucky,* 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), impacts on our Supreme Court's holding in *Leidig.*

5. For the sake of clarity, Appellant must prove all three prongs of the ineffective assistance of counsel standard in order to receive PCRA relief.

6. On December 12, 2013, this Court, sitting *en banc,* filed an opinion in *Commonwealth v. Hainesworth,* 82 A.3d 444 (Pa.Super.2013) (*en*

580 Pa. 647, 863 A.2d 455, 464 (2004). This principle, however, is inapplicable to this case.

Appellant pled *nolo contendere* to indecent assault, 18 Pa.C.S. § 3126(a)(1), on May 3, 2012. On December 20, 2011, Pennsylvania enacted SORNA which characterizes Subsection 3126(a)(1) as a Tier I sexual offense and that requires individuals convicted of a Tier I sexual offense to register with the Pennsylvania State Police for 15 years. 2011, Dec. 20, P.L. 446, No. 111, § 12 (effective December 20, 2012). While this law was not in effect when Appellant entered his plea, the law had been enacted several months prior to the plea. Thus, Appellant's claim is not predicated upon plea counsel failing to predict developments or changes in the law.

Given our conclusion that Appellant's claim of ineffective assistance of counsel potentially has arguable merit, we agree with Appellant that he is entitled to an evidentiary hearing in order to attempt to prove his claim.[5] We, therefore, vacate the order dismissing Appellant's PCRA petition. We remand the matter to the PCRA court. That court shall permit Appellant to amend his petition to comply with 42 Pa.C.S. § 9545(d)(1). Thereafter, the court shall schedule an evidentiary hearing on the merits of Appellant's claim detailed above.[6]

*banc* ). In *Hainesworth,* the Court examined whether the trial court properly determined that, because Hainesworth and the Commonwealth entered into a plea bargain that contained a negotiated term that Hainesworth did not have to register as a sexual offender, Hainesworth was not required to register as a sexual offender under SORNA. Based upon principles of contract law, the Court concluded that the trial court did not err in this regard. While Appellant raised issues in his PCRA petition that arguably implicate *Hainesworth,* he has abandoned these claims on appeal.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.