J-S64040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MIKAEL COLES | |
| Appellant | No. 3809 EDA 2015 |

Appeal from the PCRA Order December 7, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0003759-2012

BEFORE:  STABILE, J., SOLANO, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED SEPTEMBER 28, 2016**

Mikael Coles ("Appellant") appeals from the order entered in the Court of Common Pleas of Lehigh County denying his first petition for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.S.A. § 9541 *et seq.* after an evidentiary hearing.  As we discern no abuse of discretion with the PCRA court's rejection of Appellant's ineffective assistance of plea counsel claim, we affirm.

The trial court aptly summarizes the case history as follows:

> On May 6, 2013, the appellant, Mikael Coles, Jr., enterd guilty pleas to Aggravated Assault, Robbery, Burglary, and Criminal Conspiracy.  The appellant, with three (3) others, participated in the home invasion of the Herod residence.  The family members were rounded-up and placed in an upstairs bathroom.  One of the victims, Jermaine Herod, was assaulted and then shot multiple times.

*Former Justice specially assigned to the Superior Court.

The terms of the plea agreement required the Robbery, Burglary, and Conspiracy to be imposed concurrently. [] The aggravated assault charge could be imposed either concurrently or consecutively.[]

On August 14, 2013, after receipt and review of a presentence report, the appellant received a total sentence of not less than thirteen years nor more than twenty-six years in a state correctional institution. This sentence conformed to the plea agreement in that all the sentences were imposed consecutively. Each of the sentences were within the standard range of the Sentencing Guidelines, albeit the high end of the standard range.

A "Motion For Reconsideration of Sentence" was filed on August 21, 2013. The appellant in that motion conceded that the sentence was within the standard range of the Guidelines, but suggested that this Court failed to consider certain mitigating factors. On September 19, 2013, the motion was denied. A Notice of Appeal was filed, in which the appellant challenged the discretionary aspects of his sentence. On April 30, 2015, the judgment of sentence was affirmed. []

On June 30, 2015, the appellant filed a "Petition For Post Conviction Relief." Counsel was appointed to represent the appellant and filed an "Amended PCRA Petition" on October 29, 2015. It was alleged that the guilty plea was not "knowing, voluntary, or intelligent." [] A hearing on the petition was held on December 7, 2015, and at the completion of the hearing, the petition was denied. A Notice of Appeal was filed on December 21, 2015. Pursuant to Pa.R.P. 1925(b), the appellant filed a "Concise Statement of Matters Complained of On Appeal" on January 7, 2016, raising the . . . claim [asserting that counsel was ineffective because his explanation of the plea agreement led appellant to believe his minimum term of incarceration would not be more than five years].

**Background**

The appellant and his masked confederates entered the Herod home through a basement window. They located six members of the family and herded them into an upstairs bathroom. A seventh family member hid in a closet [].

Prior to forcing Jermaine Herod, one of the family members, into the bathroom, they asked him for the location of his safe. In doing so, Jermaine Herod was kicked in the head. He was then placed in the bathroom, and the Commonwealth alleges that the appellant fired six shots through the door striking Jermaine Herod multiple times. [] The appellant denied that he fired the weapon. However, a co-defendant implicated him at that act. [] The victim also believed the appellant was responsible for both striking and shooting him. This Court in imposing sentence, drew no conclusions regarding the shooter.

Jermaine Herod's injuries necessitated his hospitalization for approximately one month. Bullets were still inside his body at the time of sentencing, and he was still experiencing pain and discomfort from his wounds. [] A victim impact statement was read by the Chief Deputy District Attorney at sentencing. []

The motive behind the home invasion was a failed concert promotion. [] Specifically, Jermaine Herod introduced the appellant to a concert promoter, who was supposed to provide musicians. [ ] The appellant allegedly provided the promoter with a deposit of $6,000, but the musicians failed to appear.

The appellant, according to Jermaine Herod, was the only invader known to him. During the invasion, Jermaine Herod's tuition money, approximately $2,100, was stolen with his wallet. The appellant indicated that he received $200 from the wallet, and the wallet indicated that the appellant discarded a firearm in a river. [ ]

Trial Court Opinion, filed Dec. 7, 2015, at 1-4.

Appellant presents one question for our review:

**DID THE TRIAL COURT ERR IN FINDING THAT TRIAL COUNSEL PROVIDED EFFECTIVE ASSISTANCE FOR THE FOLLOWING REASONS: TRIAL COUNSEL WAS INEFFECTIVE FOR EXPLAINING TO PETITIONER THAT THE COMMONWEALTH WOULD NOT PURSUE THE FIVE YEAR MANDATORY IN SUCH A MANNER AS TO MAKE THE PETITIONER BELIEVE HE WOULD RECEIVE A MINIMUM SENTENCE OF NO MORE THAN FIVE YEARS AT MOST. THIS RESULTED IN AN UNKNOWING AND INVOLUNTARY PLEA.**

Appellant's brief at 4.

An appellant's claim for ineffective assistance of plea counsel is cognizable under the PCRA pursuant to 42 Pa.C.S. § 9543(a)(2)(ii). Our standard of review applicable to such over such a claim is well-settled:

> Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.
>
> Pennsylvania has recast the two-factor inquiry regarding the effectiveness of counsel set forth by the United States Supreme Court in **Strickland v. Washington**, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), as the following three-factor inquiry:
>
>> [I]n order to obtain relief based on [an ineffective assistance of counsel] claim, a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.
>
> Trial counsel is presumed to be effective, and Appellant bears the burden of pleading and proving each of the three factors by a preponderance of the evidence. The right to the constitutionally effective assistance of counsel extends to counsel's role in guiding his client with regard to the consequences of entering into a guilty plea.
>
>> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel,

the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

(citations, quotation marks, and footnote omitted).

*Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (2014) (quoting *Commonwealth v. Barndt*, 74 A.3d 185, 191–92 (Pa.Super.2013)).

Appellant's claim, entirely credibility-based, asserts he entered an unknowing and involuntary guilty plea because plea counsel misinformed him that he would receive no more than a ten-year minimum sentence if he pled. At the PCRA hearing, Appellant pointed to a letter from the prosecutor to plea counsel outlining the District Attorney agreement, as part of the negotiated plea, not to seek four applicable five-year mandatory minimum sentences that would, if applied guarantee at least a 20 year minimum sentence if aggregated. The letter, however, said nothing about agreeing to minimum sentence of less than ten years.

Moreover, the record of Appellant's guilty plea colloquy further belies his claim, as Appellant conveyed his understanding before the court that he faced a potential minimum sentence of twenty years and a maximum sentence of forty years. In so doing, furthermore, Appellant never indicated that despite this potential, he had gained assurance from either plea counsel

or his own reading of the prosecutor's letter that he would, in fact, be subject to no more than a ten year minimum sentence.

Finding Appellant's assertion to be incongruent with the sentencing instructions he received during his open guilty plea colloquy, the court deemed incredible his testimony that he entered an unknowing plea of guilty. Because the court's credibility determinations are substantiated by the evidence, we are bound by them and may not reverse on this basis. ***See Lippert***, ***supra***; ***Commonwealth v. Abu–Jamal***, 720 A.2d 79, 93 (Pa. 1998). Confronted with no other argument besides Appellant's unavailing request that this Court reassess the PCRA court's evidence-based credibility determination, we reject the present appeal as meritless.

Order is Affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/28/2016