J-S47032-18

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES HAWKINS, | : | |
| | : | |
| Appellant | : | No. 51 WDA 2018 |

Appeal from the PCRA Order December 6, 2017
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0007924-2015

BEFORE:  OLSON, J., MCLAUGHLIN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          FILED OCTOBER 31, 2018

James Hawkins (Appellant) appeals from the December 6, 2017 order dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, without an evidentiary hearing. We vacate the order and remand for proceedings consistent with this memorandum.

The PCRA court summarized the facts of this case as follows.

[O]n June 11, 2015, officers from the City of Pittsburgh Bureau of Police received a complaint from a female that she was punched in the face by [Appellant].  Officers observed that the victim had a black eye.  The victim was the former intimate partner of [Appellant].  Officers responded to the scene of the incident that evening but nobody appeared to be home at the residence.

Officers again responded to the residence the following day. Officers knocked on the door and nobody immediately responded but the officers could hear several people moving around inside the residence.  Officers observed a trash bag on the sidewalk outside the building.  Inside the bag was a Verizon telephone bill addressed to [Appellant] and what appeared to be plastic baggy "diapers[,]" which were described as the remaining portion of

_____
* Retired Senior Judge appointed to the Superior Court.

plastic baggies after the corners are cut off to be used to package drugs.

Shortly thereafter, Melissa Dono, [Appellant's] roommate[,] opened the door to the residence. Ms. Dono confirmed that [Appellant] was inside the residence and permitted the officers to enter the residence.

In the entryway of the residence, officers observed an empty stamp bag of heroin on the floor. [Appellant] was placed under arrest. He was asked to consent to a search of the residence but refused consent. Molly Alexander, who identified herself as [Appellant's] girlfriend, then advised officers that she was diabetic and needed her medicine. She advised that her medicine was inside her purse[,] which was located inside a larger bag in [Appellant's] bedroom. The purse was located in [Appellant's] bedroom next to the bag Ms. Alexander had described. Sticking out of the purse was another bag with the name, "Crown Royal" on it, and which contained bricks of heroin and baggies of crack cocaine. Marijuana was recovered from inside the purse. Ms. Alexander conceded that the marijuana was hers but she denied knowledge of the other drugs [] inside the "Crown Royal" bag found in her purse. Both Ms. Alexander and [Appellant] were arrested....

PCRA Court Opinion, 2/21/2018, at 3-4.

On February 2, 2016, the day of trial, Appellant's counsel attempted to present a motion to suppress evidence. The Commonwealth objected to the late filing, and the trial court denied the motion without a hearing because it was not timely filed. See Pa.R.Crim.P. 579 (requiring generally that pre-trial motions shall be filed and served within 30 days after arraignment). After a non-jury trial, Appellant was convicted of one count of possession of heroin, one count of possession of cocaine, and one count of possession with intent to deliver heroin. On April 21, 2016, the trial court imposed a term of imprisonment of two and one-half years to five years followed by five years of

- 2 -

probation for the possession with intent to deliver heroin conviction, and imposed no further penalty for the remaining crimes. Appellant filed a post-sentence motion, which the trial court denied. He then filed a direct appeal, but later withdrew it shortly before he filed the instant PCRA petition.

On January 23, 2017, Appellant timely filed pro se a PCRA petition. Following appointment of counsel, Appellant amended his petition. On October 24, 2017, the PCRA court notified Appellant that it intended to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not file a response. By order of December 6, 2017, the PCRA court dismissed Appellant's PCRA petition.

Appellant timely filed a notice of appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. On appeal, Appellant sets forth one issue: whether trial counsel was ineffective based upon his failure to file timely a pre-trial motion to suppress. Appellant's Brief at 5.

On review of orders denying PCRA relief, our standard is to determine whether the PCRA court's ruling is free of legal error and supported by the record. Commonwealth v. Orlando, 156 A.3d 1274, 1280 (Pa. Super. 2017) (citation omitted).

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact

- 3 -

in controversy and in denying relief without conducting an evidentiary hearing.

Commonwealth v. Walls, 993 A.2d 289, 295 (Pa. Super. 2010) (citations omitted).

We use the following standard to evaluate ineffective assistance of counsel claims.

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

> The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

Commonwealth v. Franklin, 990 A.2d 795, 797 (Pa. Super. 2010) (internal citations omitted).

Appellant argues the police officer's entry into his home to arrest him and search his residence without a search or arrest warrant violated his constitutional rights under the Fourth Amendment of the United States Constitution and Article 1, Section 8 of the Pennsylvania Constitution. Appellant's Brief at 17-18. Appellant contends that after pounding on the door for ten minutes, the officers "forcibly entered the residence without a warrant to search for and arrest Appellant." Id. at 22. According to Appellant, because 17 hours had passed between the complaint of domestic violence and

the entry into his home to arrest him, there were no longer any exigent circumstances in existence to justify a warrantless intrusion into his home. Id. at 19-23. Thus, his underlying claim focuses on the officer's authority to enter his home and effectuate an arrest.

The Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution protect individuals from unreasonable searches and seizures. U.S. Const. Amend. XIV; Pa. Const. Art. I, § 8. "A warrantless search or seizure is presumptively unreasonable under the Fourth Amendment, subject to a few specifically established, well-delineated exceptions." Commonwealth v. Strader, 931 A.2d 630, 634 (Pa. 2007). One such exception is a situation "in which voluntary consent has been obtained, either from the individual whose property is searched or from a third party who possesses common authority over the premises." Illinois v. Rodriguez, 497 U.S. 177, 181 (1990) (internal citations omitted). Another is the existence of "exigent circumstances," i.e., a situation presenting "a compelling need for instant arrest" such "that delay to seek a warrant [would] endanger life, limb[,] or overriding law enforcement interests." Commonwealth v. Caple, 121 A.3d 511, 518 (Pa. Super. 2015).

In the instant case, the PCRA court concluded that Appellant's trial counsel was not ineffective for failing to file a motion to suppress because the underlying legal claim did not have merit. Specifically, the PCRA court found

that the officers lawfully arrested Appellant without a warrant pursuant to 18 Pa.C.S. § 2711(a). That statute provides as follows.

> § 2711. Probable cause arrests in domestic violence cases
>
> (a) General rule.--A police officer shall have the same right of arrest without a warrant as in a felony whenever he has probable cause to believe the defendant has violated section ... 2701 (relating to simple assault) ... against a family or household member although the offense did not take place in the presence of the police officer. A police officer may not arrest a person pursuant to this section without first observing recent physical injury to the victim or other corroborative evidence. For the purposes of this subsection, the term "family or household member" has the meaning given that term in 23 Pa.C.S. § 6102 (relating to definitions).

18 Pa.C.S. § 2711(a). "Former sexual or intimate partners" constitute "family or household members." 23 Pa.C.S. § 6102.

In its Rule 1925(a) opinion, the PCRA court states that the evidence in this case established that the officers received a complaint that Appellant had assaulted his intimate female partner by punching her in the eye, and officers had observed the complainant with a black eye. PCRA Court Opinion, 2/21/2018, at 6. However, the record is vague on this point. The affidavit of probable cause states only that the police officers went to Appellant's residence to arrest him for a "domestic reported the evening before." Affidavit of Probable Cause, 6/13/2015, at 2. At trial, Officer Paul Abel merely testified "[t]he night previous, we had a complaint from a female with a black eye" who told the officers "how she got it" and that she was Appellant's former sexual partner. N.T., 2/2/2016, at 66. The only indication in the record that

the officer had observed the complainant's recent physical injury as required by 18 Pa.C.S. § 2711(a) is a criminal complaint at a different case number, which the Commonwealth attached to its response to Appellant's PCRA petition. Commonwealth Exhibit 1 to Commonwealth's Answer to PCRA Petition, 10/12/2017. In that complaint, which was not signed, Officer Abel averred that officers "observed that [the complainant] had a dark black right eye. [The complainant] stated that she had been arguing with [Appellant] when he struck her with a closed fist." Id.

Even more problematic is the PCRA court's finding that Melissa Dono was Appellant's roommate and had consented to entry into the residence, thereby lawfully authorizing the officers' presence in the apartment without a warrant. PCRA Court Opinion, 2/21/2018, at 7-8. The record does not firmly support this finding.

In the affidavit of probable cause, Officer Abel states that he and other officers knocked on the door to Appellant's residence for approximately ten minutes, when a "a white female, later identified as Melissa Dono[,] answered the door. We asked if [Appellant] was in the apartment. Dono stated that he was and we followed her into the apartment." Affidavit of Probable Cause, 6/13/2015, at 2. Later, the affidavit states that Dono did not reside at the apartment. Id. at 3. At trial, Officer Abel testified that Dono answered the door and he inquired whether Appellant was there. N.T., 2/2/2016, at 27. Officer Abel did not testify as to Dono's response or actions that would suggest

she provided consent to enter and/or search the apartment for Appellant. Alexander, Appellant's then-girlfriend, testified that a woman named Melissa sometimes stayed at the apartment in the front bedroom. Id. at 92, 99. Alexander did not know Melissa's last name.

Based on the existing record, there is at least arguable merit in appellant's contention that trial counsel was ineffective for failing to file timely a pre-trial motion to suppress based upon the officers' entry into his home. "Certainly, the issue cannot be deemed patently frivolous and without any support in the record or from other evidence, which is the standard for dismissing a PCRA petition without a hearing." Walls, 993 A.2d at 299. "At a minimum, the claim raises genuine issues of material fact which cannot be resolved on the existing record." Id. Specifically, there is an issue of material fact as to whether Dono resided in the apartment, which bears upon her authority to permit entry. Moreover, there is an issue of material fact as to whether Dono ever consented to the officers' entry into the apartment.

Even assuming arguendo that the officers had probable cause to arrest Appellant without a warrant pursuant to 18 Pa.C.S. § 2711(a), there is arguable merit to Appellant's underlying legal claim that the officers had no lawful right to enter his apartment. Appellant is entitled to an evidentiary hearing in order to attempt to prove that the officers' entry into his apartment was unlawful, and that counsel was ineffective in not filing a motion to suppress the evidence recovered in the apartment based upon such unlawful

entry.[1]  See Commonwealth v. Lippert, 85 A.3d 1095, 1101 (Pa. Super. 2014) (remanding for an evidentiary hearing because underlying legal claim had arguable merit).  We, therefore, vacate the order dismissing Appellant's PCRA petition and remand the matter to the PCRA court.

Order vacated.  Case remanded for proceedings consistent with this memorandum.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  10/31/2018

---

[1] To be clear, Appellant must prove all three prongs of the ineffectiveness assistance of counsel standard in order to receive PCRA relief.