J-S21042-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGELO CAVALLERO III | : | |
| | : | |
| Appellant | : | No. 2200 EDA 2020 |

Appeal from the PCRA Order Entered October 20, 2020
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001919-2019

BEFORE: BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED OCTOBER 06, 2021**

Angelo Cavallero III appeals from the October 20, 2020 order, which denied his first timely petition filed pursuant to the Post Conviction Relief Act ("PCRA") following a hearing. **See** 42 Pa.C.S.A. §§ 9541-9546. In his petition and now on appeal, Cavallero singularly argues that his trial counsel was ineffective for having not objected to certain video interviews of the victim that were played to the jury. After a thorough review of the record, we conclude that Cavallero has failed to demonstrate ineffective assistance and affirm.

In summary, a fifteen-year-old victim reported to police that Cavallero had sexually assaulted her. Resultantly, the Delaware County Children's Advocacy Center (CAC) interviewed the victim, which led to her describing

_____

[*] Retired Senior Judge assigned to the Superior Court.

how Cavallero had touched her inappropriately. During that interview, the victim identified that Cavallero grabbed her and rubbed her on multiple occasions, tried to give her alcohol, and requested explicit photographs from her. The victim also communicated that Cavallero had abused her mother, explaining further that she was reluctant to tell the police about Cavallero's behavior for fear of further injury to her mother.

Approximately one year later, CAC interviewed the victim for a second time. However, on this occasion, the victim stated that Cavallero had raped her, which was distinct from anything mentioned in the first interview. In addition, the victim discussed Cavallero's consumption of pornography as well as noting that Cavallero had a previous Protection from Abuse Act order entered against him. *See* 23 Pa.C.S.A. §§ 6101-6122.

At trial, both CAC interviews were played without objection albeit with some agreed-upon redactions. The Commonwealth presented no physical evidence, relying instead on the credibility of the victim. Ultimately, the jury found Cavallero guilty of rape by forcible compulsion, unlawful contact with a minor, statutory sexual assault, sexual assault, and endangering the welfare of a child.[1] Cavallero received an aggregate sentence of seventy-two to one hundred and forty-four months of incarceration followed by twenty-four months of probation. Additionally, Cavallero was required to register as a Tier III sexual offender.

_____

[1] *See* 18 Pa.C.S.A. § 3121; 18 Pa.C.S.A. § 6318; 18 Pa.C.S.A. § 3122.1; 18 Pa.C.S.A. § 3124.1; and 18 Pa.C.S.A. § 4304, respectively.

Cavallero did not file a direct appeal. Instead, Cavallero filed a counseled PCRA petition, asserting that counsel was ineffective for allowing the CAC interviews to be played for the jury. Correspondingly, the PCRA court held a hearing on his petition.

During that hearing, trial counsel testified that he did not object to the jury's observance of the interviews because it was part of counsel's trial strategy. To discredit her testimony using her own words, trial counsel wanted the jury to see inconsistencies in the victim's testimony. The PCRA court then dismissed Cavallero's petition, finding that trial counsel was not ineffective.

Cavallero timely appealed his petition's dismissal and presents this Court with one issue for review: as Cavallero adequately demonstrated trial counsel's ineffectiveness, did the PCRA court err by dismissing his PCRA petition? *See* Appellant's Brief, at 4.

Preliminarily, we note our standard of review of an order denying PCRA relief. "[W]e examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Mitchell*, 141 A.3d 1277, 1283–84 (Pa. 2016) (citation and internal quotation marks omitted). However, this examination is conducted in the light most favorable to the prevailing party at the PCRA court level. *See Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015). Accordingly, this Court will act only when a PCRA court's findings lack any kind of support in the certified record. *See Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014).

When PCRA relief is sought under the auspice of ineffective assistance

- 3 -

of counsel, a petitioner must prove, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Our Supreme Court has cogently provided the sole successful pathway to successfully establish ineffective assistance of counsel:

> To prevail in a claim of ineffective assistance of counsel, a petitioner must overcome the presumption that counsel is effective by establishing all of the following three elements, as set forth in **Commonwealth v. Pierce**, … 527 A.2d 973, 975-76 (1987): (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness.

**Commonwealth v. Paddy**, 15 A.3d 431, 442 (Pa. 2011) (parallel citation omitted). As to prejudice specifically, a petitioner must demonstrate that there is a reasonable probability that but for counsel's error or errors, the result of the proceeding would have somehow been different. **See Commonwealth v. Reed**, 42 A.3d 314, 319 (Pa. Super. 2012).

All three **Pierce** prongs must be met in order to succeed; failing to meet even one of the prongs dooms the entire claim. **See Commonwealth v. Williams**, 863 A.2d 505, 513 (Pa. 2004). Although implicitly identified above, we note that the burden of proof is exclusively on the petitioner at every point in this challenge. **See Commonwealth v. Rega**, 933 A.2d 997, 1018 (Pa. 2007).

Cavallero avers that had trial counsel contemporaneously objected to the Commonwealth moving for permission to play the CAC interviews, the trial court would have sustained that objection. *See* Appellant's Brief, at 10. Instead, "prejudicial and damaging evidence was heard during the course of the [t]rial." *Id*. In support, Cavallero highlights the admissions from trial counsel, obtained during the PCRA hearing, that the interviews contained: (1) statements implicating Cavallero in what was remembered to be multiple Protection from Abuse Act orders; (2) references to Cavallero's abusive behavior against the victim's mother; (3) a mentioning of Cavallero supplying alcohol to the victim and other minors; (4) a noting of Cavallero's abnormal tendencies, such as standing over the victim's mother and staring at her while she was apparently sleeping; (5) a remark identifying Cavallero's infidelity with other women at the expense of the victim's mother; and (6) an indication that Cavallero consumed pornography. *See id*., at 10-13. Cavallero also illuminates that his trial counsel declined any curative instruction connected to the interviews when apparently offered one by the trial court. *See id*., at 13-14.

In his analysis of the *Pierce* factors, Cavallero states that all parties agree that the first prong is met: that his claim is of arguable merit. *See, e.g.*, Trial Court Opinion, 2/22/21, at 4. As to the second prong, Cavallero contends that counsel had no reasonable basis to not object. *See* Appellant's Brief, at 16 (identifying that had there been an objection, the CAC video would not have been played to the jury. Moreover, Cavallero emphasizes the dialogue

between the trial court and Commonwealth at sidebar regarding the damaging nature of the videos). Cavallero concludes this prong by stating that "said damaging evidence far outweighed any benefit from showing inconsistencies as to the victim's prior testimony." *Id*., at 17 (conceding that "[t]his is a matter resting almost exclusively as to the issue of credibility[]"). On the third element, Cavallero simply argues that trial counsel's inaction prejudiced Cavallero's case "to the extent that the outcome of the proceeding would have been different had [t]rial [c]ounsel opted to exclude said evidence." *Id*.

As to what constitutes "reasonable basis" in trial counsel's action or inaction, the PCRA court "does not question whether there were more logical courses of action which counsel could have pursued; rather, the court must examine whether counsel's decisions had *any* reasonable basis." *Mason*, 130 A.3d at 618 (internal brackets and citation omitted) (emphasis added). Additionally, the fact that a strategy ultimately proves to be unsuccessful does not make it unreasonable. *Commonwealth v. Spotz*, 896 A.2d 1191, 1235 (Pa. 2006).

As Cavallero, himself, acknowledges, this case was "almost exclusively" decided based on credibility. Trial counsel determined the best course of action would be to let the jury hear both interviews and, when taken in tandem with the victim's testimony at trial, observe for itself any kind of inconsistent statements. Trial counsel's strategy is readily apparent in his closing argument:

I didn't have to let you see any of [the interviews], but I wanted

- 6 -

> you to see that. And you would think, why would those wild accusations against … Cavallero, why would I want the jury to see those? And that's because as you saw through the different stories, the different testimony, the different dates, the story changes, expands, shrinks, and honestly, matures along with [the victim]. She changes the story.

Trial Transcript, 8/15/19, at 5-6. Trial counsel continued: "The reason why I wanted [you] to see that video beyond the fact that she's making wild accusations at this point throughout the investigation three years. Accusations have changed, shift[ed]." *Id*., at 8.

An evaluation of trial counsel's closing argument yields a finding that he attempted to accentuate every single dissimilarity between the victim's statements, spanning multiple years, or points to an attack on her credibility, supported namely from content derived from the interviews. For example, trial counsel stressed the fact that at the victim's first interview, she made claims that could have led to Cavallero's criminal prosecution. However, Children and Youth Services found no merit to her assertions, and no law enforcement action was taken at that time. *See id*., at 7-8. In addition, trial counsel noted the calm demeanor the victim had throughout the first interview, which was in sharp contrast to her state at trial. The victim's second interview focused, in part, on Cavallero having raped her, which was not indicated in the first interview. However, other bad acts she insisted Cavallero committed were omitted from this subsequent interview. From all of this, trial counsel believed his best strategy was to shine a light on the victim's inherent inconsistencies and ambiguities to discredit her underlying allegations.

We further note that trial counsel *did*, in fact, request the redaction of specific portions of the interview, and the Commonwealth coalesced around this demand. *See* PCRA Hearing, 10/14/20, at 17-18.

A defendant is not entitled to have exclusively neutral or positive information be entered into the record or observed by the jury. Despite the unfavorable portions of the interviews, there was a rational basis for trial counsel to desire these videos to be of record and viewed. Trial counsel saw this evidence as the best refutation of the crimes in which his client was charged, and we see no strong basis to contradict his determination. The fact that trial counsel was ultimately unsuccessful is of no moment so long as it was reasonable for counsel to act in this manner. Given his clear explanation both at trial and in the subsequent PCRA hearing, we cannot say that it was unreasonable for him to pursue this pathway by not objecting to the introduction of the interviews. Accordingly, the second **Pierce** prong fails.

While not necessary to discuss given the failure of another prong, Cavallero has also failed to demonstrate prejudice. Cavallero dedicates one sentence of his brief to a bald assertion that the outcome of the proceeding would have been different had there been an objection and subsequent exclusion of the video interviews. Therefore, given this insufficiency, his claim that he has suffered prejudice necessarily fails. **See Paddy**, 15 A.3d at 443 (identifying that "boilerplate allegations and bald assertions of … ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was

ineffective[]").

As we have determined that Cavallero has failed to demonstrate that his counsel was ineffective, we are constrained to affirm the PCRA court's order.

Order denying PCRA relief affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2021