J-S33006-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC ELROD | : | |
| | : | |
| Appellant | : | No. 1949 EDA 2020 |

Appeal from the PCRA Order Entered October 2, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000057-2011

BEFORE:  BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.:              **FILED NOVEMBER 29, 2021**

Eric Elrod challenges the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

The underlying factual and procedural history of this case was aptly summarized by a prior panel of this Court in an unpublished memorandum adjudicating Appellant's direct appeal.  ***See Commonwealth v. Elrod***, 121 A.3d 1122 (Pa.Super. 2015) (unpublished memorandum at 1-2).  On February 12, 2014, Appellant entered a negotiated *nolo contendere* plea to one count each of indecent assault of a person less than 13 years of age and corruption of minors in exchange for a sentence of one and one-half to three years of incarceration for corruption of minors.  After a hearing, Appellant was found to be a sexually violent predator, requiring him to register for his lifetime under the Sex Offender Registration and Notification Act ("SORNA").  The court then sentenced Appellant to a consecutive term of seven years of

probation for indecent assault. On appeal, this Court affirmed Appellant's judgment of sentence.

Appellant timely filed *pro se* a PCRA petition alleging ineffective assistance of plea counsel. While that petition was pending, Appellant's probation was revoked following a violation of probation ("VOP") hearing, and he was resentenced to seven years of probation for indecent assault, followed by six to twenty-three months of incarceration for corruption of minors. Thereafter, Appellant filed a subsequent PCRA petition alleging ineffective assistance of VOP counsel for failing to file an appeal challenging the legality of his new corruption of minors sentence since he had already completed serving that sentence at the time of the VOP hearing. The PCRA court appointed counsel to represent Appellant in his PCRA proceedings. PCRA counsel filed an amended PCRA petition, alleging ineffective assistance of plea counsel and VOP counsel, and challenging the legality of Appellant's SORNA registration. The Commonwealth filed a motion to dismiss in response, but did not oppose a hearing on Appellant's ineffective assistance of VOP counsel claim.

On October 2, 2020, the PCRA court heard the arguments of counsel and granted in part and dismissed in part Appellant's PCRA petition. Since the PCRA court found VOP counsel ineffective for failing to file a requested appeal, the court vacated Appellant's VOP sentence and resentenced him to seven

years of probation for indecent assault.[1] The PCRA court dismissed Appellant's ineffective assistance of plea counsel and SORNA claims. This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents the following question for our review:

1. Whether the court erred in not granting relief on the PCRA petition alleging counsel was ineffective.

   a. Whether the court erred in denying the Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness.

   b. Whether Trial Counsel's assistance was ineffective for causing the Appellant to enter an involuntary or unknowing guilty plea.

Appellant's brief at 7 (PCRA court answers omitted).

Stated plainly, Appellant challenges the PCRA court's dismissal of his ineffective assistance of plea counsel claim without a hearing. We begin with a review of the pertinent legal principles. "An appellant's claim for ineffective assistance of counsel in connection with advice rendered regarding whether to plead guilty is cognizable under the PCRA pursuant to 42 Pa.C.S. § 9543(a)(2)(ii)." **Commonwealth v. Lippert**, 85 A.3d 1095, 1100 (Pa.Super. 2014) (cleaned up).[2] "The standard of review of an order

---

[1] Since Appellant had already completed serving his corruption of minors sentence at the time of the VOP hearing, the PCRA court did not impose a new sentence on that conviction.

[2] "In terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." **Commonwealth v. Lewis**, 791 A.2d 1227, 1230 (Pa.Super. 2002) (citation omitted).

dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." ***Commonwealth v. Cruz***, 223 A.3d 274, 277 (Pa.Super. 2019) (cleaned up). "[A] PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings." ***Id***. (internal quotation marks omitted). Additionally, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." ***Commonwealth v. Stansbury***, 219 A.3d 157, 161 (Pa.Super. 2019) (internal quotation marks omitted).

Appellant's claim challenges the performance of plea counsel. Accordingly, we observe that counsel is presumed to be effective, and a PCRA petitioner bears the burden of proving otherwise. ***Commonwealth v. Becker***, 192 A.3d 106, 112 (Pa.Super. 2018). To do so, the petitioner must plead and prove: "(1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome at trial if not for counsel's error." ***Commonwealth v. Selenski***, 228 A.3d 8, 15 (Pa.Super. 2020) (internal quotation marks omitted). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." ***Id***. (cleaned up). "In the context of a plea, a claim of ineffectiveness may provide

- 4 -

relief only if the alleged ineffectiveness caused an involuntary or unknowing plea." ***Commonwealth v. Orlando***, 156 A.3d 1274, 1281 (Pa.Super. 2017).

> Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

***Lippert***, ***supra*** at 1100 (cleaned up).

In his amended PCRA petition, Appellant asserts three bases for plea counsel's ineffectiveness, which caused an involuntary plea: (1) plea counsel led Appellant to believe that she had a defense until jury selection, when she suddenly told him that she did not; (2) plea counsel had a conflict of interest because she had previously represented an officer involved in Appellant's case; and (3) plea counsel was in possession of Appellant's polygraph test results. Amended PCRA Petition, 3/7/18, at 12. Appellant then baldly claimed that these "coercive actions played a large role in the unlawful inducement of [Appellant's] plea[,]" lacked any "reasonable basis to justify any type of inducement or coercive nature on the part of [plea] counsel[,]" and evinced "a clear showing of actual prejudice as a result of the counsel's ineffectiveness." ***Id***. at 12-13. Appellant raises the same arguments on appeal, and further argues that the PCRA court erred in dismissing this claim

without a hearing because "Appellant raised a genuine issue of material fact that he was coerced into entering a guilty plea." Appellant's brief at 16.

In dismissing this claim without a hearing, the PCRA court noted that Appellant signed a written plea colloquy and engaged in an extensive oral colloquy, wherein he acknowledged that it was his decision to plea *nolo contendere* and that he was satisfied with plea counsel's representation. PCRA Court Opinion, 3/23/21, at 4. Contrary to Appellant's assertion in his PCRA petition that his plea was based on counsel's coercion, the PCRA court noted that at the time of his sentencing, Appellant indicated that he based his decision to plead, at least in part, on his mother's health. ***Id***. at 5. As to the conflict of interest, the PCRA court observed that Appellant raised this issue at his sentencing hearing and counsel explained that no conflict existed from having previously represented the son of one of the detectives involved in Appellant's case. ***Id***. at 5-6. Finally, the PCRA court found Appellant's argument regarding his polygraph test results without merit because any such evidence would have been inadmissible at trial. ***Id***. at 6-7.

It is a general principle of law in this Commonwealth that, when a defendant makes statements at a plea colloquy, the defendant is bound by those statements. ***Commonwealth v. Timchak***, 69 A.3d 765, 774 (Pa.Super. 2013). At his plea hearing, Appellant represented that he completed the written colloquy, understood the proceedings and the consequences of pleading *nolo contendere*, was satisfied with plea counsel's representation, and was not promised anything or forced or threatened to

- 6 -

enter the plea. At his sentencing hearing, Appellant provided the following argument, essentially alleging the same bases for ineffective assistance of plea counsel that he raised in his PCRA petition.

> [T]he first reason for my plea of [*nolo contendere*] is my mother is sick, which my lawyer. . . seemed not to take into consideration. The second is I am no fool, Your Honor. And [plea counsel] was not in my corner. She intentionally -- she initially interviewed me, telling me what her defense would be and it seemed sound. As time passed, she kept talking to me about taking deals. Then the day of trial, she said her defense was faulty and asked did I have one. I told her all I can do is tell the truth. She replied to take the deal or I would be found guilty.
>
> When I told her no, she tried to get herself recused from this case stating . . . she had represented the very police officer that took my initial statement's son on the case.

N.T., 5/16/14, at 5-6. Appellant also argued that counsel "hung [him] out to dry" because when the court initially stated that it would impose a jail sentence of eleven and one-half to twenty-three months at Appellant's plea, counsel corrected the court, clarifying that the agreement had been to one and one-half to three years. *Id*. at 7. Appellant informed the court that plea counsel and the Commonwealth were in possession of Appellant's polygraph test results. *Id*. at 7. Finally, Appellant stated that "without [his] sick mother in this equation, [he] would have rather taken that chance[ of a higher sentence], you know, actually going to court, going to trial instead of falling for something that is unjust." *Id*. at 8-9.

The court responded that counsel was obligated to correct the court when it inadvertently misstated the negotiated sentence and that failure to do

so would have been a fraud on the court and inappropriate behavior for an attorney. *Id*. at 10. As to the conflict of interest, plea counsel explained that she learned during jury selection that she had previously represented the child of one of the detectives involved in Appellant's case. She stated that she never sought to recuse herself and that this prior representation had no effect on her representation of Appellant in this case. *Id*.

We concur with the PCRA court that, after a review of the record, there is no genuine issue of material fact that Appellant's plea counsel rendered ineffective assistance and induced Appellant's *nolo* plea. Notably, Appellant fails to allege what advice plea counsel purportedly gave that induced him to plead, or on what defense she misled Appellant. Moreover, as the PCRA court correctly observed, any defense based on Appellant's polygraph test results would have been inadmissible at trial and therefore could not have formed the basis of any trial defense. *See Commonwealth v. Watkins*, 750 A.2d 308, 315 (Pa.Super. 2000) (cleaned up) ("Due to the unreliable nature of polygraph tests, the results of such tests that raise inferences of guilt or innocence are inadmissible at trial. Moreover, any reference to a polygraph test which raises an inference concerning the guilt or innocence of a defendant is inadmissible."). Additionally, Appellant has not presented an issue of material fact as to whether the purported conflict of interest induced Appellant to plead. Instead, and rather tellingly, the record evidence establishes that Appellant represented to the court that he was entering the plea voluntarily, and when offered the opportunity to do so at his sentencing, Appellant argued that the

reason he did not go to trial was because of his mother's health, not because of any action or inaction on counsel's part.

As the record supports the PCRA court's conclusion that there is no genuine issue of material fact as to the knowing or voluntary nature of Appellant's *nolo contendere* plea, we affirm its denial of that portion of the PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/29/2021