J-S79010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                              :           PENNSYLVANIA
                                              :

          v.                        :
                                                :

KEVIN NATHANIEL WILLIAMS        :
                                              :

         Appellant             :    No. 688 MDA 2018

Appeal from the PCRA Order Entered April 6, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0004592-2013

BEFORE: SHOGAN, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:         **FILED JANUARY 14, 2019**

Kevin Nathaniel Williams ("Appellant") appeals from the order denying,

without a hearing, his petition for relief filed under the Post Conviction Relief

Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546. We affirm.

A previous panel of this Court summarized the history of this case as

follows:

> Shortly before 2:00 a.m. on July 5, 2013, the East Lampeter
> Police Department was dispatched to an apartment complex at 2
> Foal Court after a call was received reporting a suspicious person
> trying to enter someone's apartment. N.T., 2/9/2015, at 57–58.
> A responding officer, Michael Redden (Officer Redden), testified
> that when he arrived to the scene, he observed another officer,
> Bryan Kondras (Officer Kondras) had already made contact with
> the suspect referred to in the phone call. Officer Redden testified
> that he served as a "cover officer." *Id.* at 60. Specifically, he
> testified that he "stood back and simply provided cover, kept an
> eye on things, ma[d]e sure that no one approached that shouldn't
> be approaching." *Id.* The suspect, a juvenile, was highly
> intoxicated and Officer Redden was requested by Officer Kondras
> to conduct a search of the building and surrounding outside areas

for any evidence "of a party" or "something going on."[1] *Id.* at 60–61. Officer Redden found some beer bottles and food in the area, but no firearms. *Id.* at 60–62.

> [1] Officer Redden testified that he had searched the stairs and hallways inside the building. N.T., 2/9/2015, at 61.

Officer Redden continued to assist Officer Kondras with the juvenile suspect, and was standing outside the building with a clear view of the front door when he saw a man, later identified as Appellant, exit the building.[2] *Id.* at 65–67. After determining Appellant did not appear to be exhibiting any suspicious behavior, Officer Redden turned back to the two individuals he was standing next to. *Id.* at 67–68. It was then he heard the sound of something drop to the ground, hitting the sidewalk. Officer Redden "turned quickly using [his] flashlight to look at the [Appellant] again or the individual walking down the sidewalk and then turned the flashlight to [Appellant's] feet, and at his feet, just as [the Officer's] light hit it, [the Officer] saw [Appellant's] foot kick a handgun."[3] *Id.* at 68.

> [2] Officer Redden testified that approximately five to eight minutes had passed since he had last exited the apartment building to when he saw Appellant leaving. He testified that, during that time, he did not recall seeing any one else leave. N.T., 2/9/2015 at 72–73.
>
> [3] Appellant's kicking of the gun appeared to be accidental, in that "it was just incidental to the next step [Appellant] took." N.T., 2/9/2015, at 70.

Officer Redden approached Appellant and asked Appellant if the gun was his. Officer Redden then asked if Appellant had a permit for the firearm. Officer Redden testified that Appellant's response was "something to the effect of oh, shit, yeah, it's in my car." *Id.* at 70–71. Throughout this interaction, Appellant was continually moving, walking off to the side as the Officer moved closer to pick up the firearm. After retrieving the firearm, Officer Redden announced "gun" to alert the other officers, used his flashlight to point to the Appellant, and, indicated that Appellant dropped the gun. *Id.* at 71. At this point, Appellant began to run, and Officer Kondras and Officer Jonathan Werner (Officer Werner) gave chase. Officer Redden stayed at the scene and secured the

firearm. ***Id.*** at 71–72. Officers Kondras and Werner apprehended Appellant. Officer Kondras recovered a Georgia driver's license that identified Appellant. Appellant was then transported back to the station, where they ran a criminal background check. ***Id.*** at 103–104. Officer Kondras testified that the background check revealed a prior conviction which made Appellant ineligible to carry a firearm. ***Id.*** at 105–106. Appellant was subsequently charged with person not to possess a firearm.

Appellant was found guilty of [18 Pa.C.S. § 6105(a)(1) (*Persons not to possess, use, manufacture, control, sell or transfer firearms*)] following a jury trial on February 9, 2015. On April 1, 2015, Appellant received a sentence of four to ten years[ of] incarceration. Appellant timely filed post-sentence motions, which the trial court denied. Appellant then timely filed a notice of appeal.

***Commonwealth v. Williams***, 145 A.3d 779, 818 MDA 2015 (Pa. Super. filed April 13, 2016) (unpublished memorandum at *1–2). Holding that "the evidence was more than sufficient to permit the jury to conclude that Appellant constructively possessed the gun[,]" the panel affirmed Appellant's judgment of sentence. ***Id.*** at *4. Appellant filed a petition for allowance of appeal, which the Supreme Court denied. ***Commonwealth v. Williams***, 158 A.3d 77, 33 MAL 2016 (Pa. filed September 27, 2016).

Appellant filed a timely *pro se* PCRA petition on September 25, 2017. The PCRA court appointed counsel, who filed an amended PCRA petition on December 15, 2017. The PCRA court issued a notice of intent to dismiss the amended petition pursuant to Pa.R.Crim.P. 907 on February 16, 2018. Appellant did not file a response to the notice, and the PCRA court dismissed the amended petition. Order 3/29/18; Amended Order, 4/6/18. Appellant appealed and, along with the PCRA court, complied with Pa.R.A.P. 1925.

On appeal, Appellant states the following questions for our review:

I. Did the PCRA court err in denying [Appellant] PCRA relief without a hearing on his claim that trial counsel was ineffective for failing to prepare for trial, failing to investigate, failing to review discovery with [Appellant], and failing to prepare [Appellant] to testify?

II. Did the PCRA court err in denying [Appellant] PCRA relief without a hearing on his claim that trial counsel was ineffective for not objecting to the Commonwealth's repeatedly asking [Appellant] during cross-examination to opine on the truthfulness of the officers' testimony and/or the officers' memories, thereby permitting the Commonwealth to invade the province of the jury in determining credibility of all witnesses?

III. Did the PCRA court err in denying [Appellant] PCRA relief without a hearing on his claim that trial counsel was ineffective for failing to object to the lack of foundation for the out of state prior record of [Appellant]?

Appellant's Brief at 4.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no

support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014).

Appellant's issues assail trial counsel's representation as ineffective. When considering an allegation of ineffective assistance of counsel ("IAC"), we presume that counsel provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) petitioner was prejudiced by counsel's action or omission. ***Commonwealth v. Johnson***, 179 A.3d 1105, 1114 (Pa. Super. 2018) (citing ***Commonwealth v. Pierce***, 527 A.2d 973, 975–976 (Pa. 1987)). An IAC claim will fail if the petitioner's evidence fails to meet any one of the three prongs. ***Commonwealth v. Simpson***, 66 A.3d 253, 260 (Pa. 2013). Because courts must presume that counsel was effective, the burden of proving ineffectiveness rests with the petitioner. ***Commonwealth v. Montalvo***, 114 A.3d 401, 410 (Pa. 2015).

> Regarding the prejudice prong, a petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. ***Commonwealth v. Dennis***, 597 Pa. 159, 950 A.2d 945, 954 (2008). Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness the petitioner must advance sufficient evidence to overcome this presumption. [***Commonwealth v.***] ***Sepulveda***, 55 A.3d [1108] at 1117 [(Pa. 2012)].
>
> We need not analyze the prongs of an ineffectiveness claim in any particular order. Rather, we may discuss first any prong that an appellant cannot satisfy under the prevailing law and the applicable facts and circumstances of the case. ***Id.*** at 1117–18;

- 5 -

> ***Commonwealth v. Albrecht***, 554 Pa. 31, 720 A.2d 693, 701
> (1998). Finally, counsel cannot be deemed ineffective for failing
> to raise a meritless claim. ***Commonwealth v. Jones***, 590 Pa.
> 202, 912 A.2d 268, 278 (2006).

***Commonwealth v. Johnson***, 139 A.3d 1257, 1272 (Pa. 2016).

In his first issue, Appellant claims that trial counsel was ineffective for: (1) failing to review with Appellant discovery evidence regarding ownership of the firearm; (2) failing to investigate the case through interviewing six witnesses; and (3) failing to prepare Appellant to testify at trial. Appellant's Brief at 12–15.[1] Upon review, we conclude that no relief is due.

Regarding ownership of the firearm, Appellant argues that trial counsel did not review with him discovery evidence "indicating that the firearm was owned by Tracy Lee Olmstead of Kennesaw, Georgia." Appellant's Brief at 12 (citing N.T., 2/9/15, at 166). Mr. Olmstead was Appellant's work acquaintance and present at the Foal Court apartment complex on July 5, 2015. Amended PCRA Petition, 12/15/17, at ¶¶ 19–22. According to Appellant, his "genuine surprise during cross-examination as to ownership of the firearm" is evidence

_____

[1] To the extent Appellant complains that trial counsel did not visit the crime scene, Appellant's Brief at 13, the record confirms that Appellant's claim lacks arguable merit. Trial counsel used photos of the crime scene—taken by the defense—as exhibits during counsel's cross examination of Officers Redden and Kondras and direct examination of Appellant. N.T., 2/9/15, at 77, 108–109, 178–179, 204, Defense Exhibits 1–4. Moreover, as the PCRA court observed, "there is no requirement in Pennsylvania that counsel visit the scene of the crime, and Appellant cites no legal authority to support his position." Trial Court Opinion, 8/7/18, at 4.

that counsel failed to interview Mr. Olmstead. Appellant's Brief at 12 (citing N.T., 2/9/15, at 186).

In response, the Commonwealth argues that Appellant has failed to establish prejudice, *i.e.*, "what would have been different, at trial, if trial counsel had conducted said review" of discovery evidence. Commonwealth's Brief at 12. Additionally, the Commonwealth asserts that Appellant testified to being "surprised that the gun in question had been sold to [Mr.] Olmstead" and that "the guilty verdict implies that the Appellant's claim of surprise was not genuine." *Id.* at 12–13, n.7.

Upon review, we conclude that Appellant has not demonstrated what prejudice resulted from trial counsel's alleged failure to review with him discovery evidence regarding ownership of the firearm. Contrary to Appellant's assertion, his alleged surprise during cross-examination as to ownership of the firearm did not persuade the jury, and it does not overcome the presumption that counsel was effective. *Montalvo*, 114 A.3d at 410. The PCRA court did not abuse its discretion in denying relief on this IAC claim.

Regarding witnesses, Appellant argues that trial counsel failed to interview Mr. Olmstead, Kiomara Soto, the two women who spoke with police at the scene, and the detained juvenile. Appellant's Brief at 13. The Commonwealth replies that Appellant "failed to inform the court of the substance of their testimony or how their testimony would have been beneficial to the Appellant's case." Commonwealth's Brief at 15.

When considering whether counsel was ineffective for failing to investigate a potential witness, we are bound by the following standards:

Counsel has a general duty to undertake reasonable investigations or make reasonable decisions that render particular investigations unnecessary. . . . The duty to investigate, of course, may include a duty to interview certain potential witnesses; and a prejudicial failure to fulfill this duty, unless pursuant to a reasonable strategic decision, may lead to a finding of ineffective assistance. . . . [S]ummarizing cases in *Commonwealth v. Dennis*, 950 A.2d 945 (Pa. 2008), [our supreme court] stated that:

These cases ... arguably stand for the proposition that, at least where there is a limited amount of evidence of guilt, it is *per se* unreasonable not to attempt to investigate and interview known eyewitnesses in connection with defenses that hinge on the credibility of other witnesses. They do not stand, however, for the proposition that such an omission is *per se* prejudicial.

*Id.* at 960. Indeed, such a *per se* failing as to performance, of course, does not make out a case of prejudice, or overall entitlement to [PCRA] relief.

*Commonwealth v. Johnson*, 966 A.2d 523, 535–536 (Pa. 2009) (some internal citations omitted).

Here, the PCRA court observed that:

Appellant lists only the names of several potential witnesses whom he alleges were at the location of the incident on the night it occurred. *See* Amended Motion for PCRA Relief, 12/15/17, at 3–4. With regard to all potential witnesses, except one, Appellant failed to attach affidavits to either his *pro se* PCRA Petition or his Amended Petition regarding the witnesses' availability, willingness to testify, or the substance of their testimony. Therefore, trial counsel cannot be found ineffective for failing to investigate or call these potential witnesses.

Trial Court Opinion, 8/7/18, at 4–5.

- 8 -

Upon review, we conclude that Appellant has failed to demonstrate in his amended petition or in his appellate brief how interviews of Mr. Olmstead, Kiomara Soto, the two women who spoke with police at the scene, and the detained juvenile would have changed the outcome of trial. Thus, the PCRA court did not abuse its discretion in denying relief as to these witnesses.

Appellant specifically argues that counsel was ineffective for failing to call Frederick Jones ("Mr. Jones") as a witness. Appellant's Brief at 14. According to Appellant, Mr. Jones provided an affidavit, averring that "he would have testified, if called, to being a witness to [Appellant] at the party and that he did not see [Appellant] with a firearm at any point in the evening." *Id.* at 15 (citing Amended PCRA Petition, 12/15/17, at Exhibit A).

The Commonwealth asserts that Mr. Jones' testimony was not relevant because he was not present when the firearm was discovered. Commonwealth's Brief at 18. Moreover, the Commonwealth argues, Mr. Jones' testimony would not have been admissible as character evidence or habit evidence. *Id.* at 18–19, n.8 (citing Pa.R.E. 404(a)(1) and 406). Lastly, the Commonwealth submits that Mr. Jones' testimony would have opened the door to damaging cross-examination about Appellant, a convicted cocaine dealer, carrying a concealed gun. *Id.* at 19, n.8.

Our Supreme Court has determined that "[t]he failure to call character witnesses does not constitute *per se* ineffectiveness." ***Commonwealth v. Treiber***, 121 A.3d 435, 463 (Pa. Super. 2015) (citation omitted). When a

PCRA petitioner claims counsel was ineffective for failing to call a witness, he must establish that: "(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial." ***Id.*** at 464.

The record at hand supports Appellant's position that Mr. Jones existed, was available and willing to testify at trial for the defense, and that trial counsel should have known of his existence. Amended PCRA Petition, 12/15/17, at Exhibit A. We conclude, however, that Appellant has failed to establish the absence of Mr. Jones' testimony was so prejudicial as to have denied Appellant a fair trial. In doing so, we agree with the PCRA court's analysis, which we adopt as our own:

> Based on the information contained in the Affidavit, the [PCRA c]ourt finds that Appellant cannot establish that any testimony proffered by Mr. Jones testimony [sic] would have been beneficial to Appellant's defense. The Pennsylvania Rules of Evidence provide that, generally, "evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Pa.R.E. 404(a)(1). Thus, Mr. Jones' proposed testimony regarding Appellant's character trait of not carrying a gun would have been inadmissible at trial.[3]
>
> > [3] The [c]ourt notes that Mr. Jones' proposed testimony also would have been inadmissible as habit evidence pursuant to Pa.R.E. 406, as not carrying a firearm—an inaction—fails to rise to the level of "conduct that occurs with fixed regularity in repeated specific situations." Pa.R.E. 406.

- 10 -

Additionally, the Pennsylvania Rules of Evidence provide that evidence must be relevant to be admissible at trial. Pa.R.E. 402. Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Pa.R.E. 401. Here, the only issue at trial was whether Appellant was in possession of a firearm. Notably, Mr. Jones does not state in his Affidavit that he was present when the firearm was discovered by police. Because firearms can be concealed, Mr. Jones cannot state with certainty that Appellant was not in possession of a gun on the night of the incident simply because he did not observe a gun on Appellant's person. Thus, his proposed testimony would not be relevant, and therefore not admissible, as it does not make it more or less probable that Appellant was, in fact, in possession of a firearm. This issue therefore lacks merit, and counsel cannot be deemed ineffective for failing to pursue a meritless issue. *Commonwealth v. Tharp*, 101 A.3d 736, 747 (Pa. 2014) (citation omitted).

PCRA Court Opinion, 8/7/18, at 5–6. Thus, the PCRA court did not abuse its discretion in denying relief on this IAC claim.

The last IAC claim within Appellant's first issue is that trial counsel was ineffective for failing to prepare Appellant to testify at trial. Appellant's Brief at 15. Appellant complains, "Trial counsel's lack of preparation of [Appellant] to testify is evidence when unprompted, [Appellant] confirmed his prior conviction from 1994." *Id.* (citing N.T., 2/9/15, at 183).[2] According to

---

[2] The notes of testimony provide the following exchange between defense counsel and Appellant:

Q. Why did you run?

A. I was scared. I realized this situation was probably going to cost me my career, everything.

- 11 -

Appellant, his testimony violated 42 Pa.C.S. § 5918[3] and confirmed evidence of his criminal record "entered . . . prior to his testimony without proper foundation." *Id.* at 16.[4]

According to the Commonwealth, "Appellant failed to inform the PCRA court what trial counsel should have done differently" and "how the outcome of the trial would have been different if trial counsel had advised the Appellant how to testify differently" about his prior conviction. Commonwealth's Brief at 20. Moreover, the Commonwealth asserts, Appellant knew the Commonwealth would be presenting evidence of his prior conviction to

_____

Q. Why do you say that?

A. Because of the conviction I had in '94. I made sure that I concentrated on my career, family, doing everything that I was supposed to do, and in the blink of an eye, I could lose it all and this is what I saw and I just, I couldn't see it happening at this point in time in my life.

N.T., 2/9/15, at 183.

[3] This statute provides, in relevant part, as follows:

No person charged with any crime and called as a witness in his own behalf, shall be asked, or if asked, shall be required to answer, any question tending to show that he has committed, or been charged with, or been convicted of any offense other than the one wherewith he shall then be charged, or tending to show that he has been of bad character or reputation . . . .

42 Pa.C.S. § 5918.

[4] Appellant did not challenge the trial court's evidentiary ruling on direct appeal. As discussed below, he raised it as an IAC claim in the PCRA court.

- 12 -

establish an element of 18 Pa.C.S. § 6105(a)(1) (*Persons not to possess, use, manufacture, control, sell or transfer firearms*). *Id.* at 20–21. In fact, the Commonwealth submits, by the time Appellant mentioned his prior conviction, evidence of it had been offered and admitted as a certified record. *Id.* at 21 (citing N.T., 2/9/15, at 105, 171, 172–204).

The PCRA court disposed of this IAC claim as follows:

Appellant asserts that trial counsel was ineffective for failing to prepare Appellant to testify . . . . Appellant fails to state with any specificity how counsel failed to prepare him to testify, alleging only that "trial counsel's lack of preparation of Appellant to testify is evident when unprompted, Appellant confirmed his prior conviction from 1994." Amended Motion for PCRA Relief, 12/15/17, at 5.

This alone does not demonstrate that trial counsel failed to prepare Appellant to testify. Trial counsel cannot be deemed ineffective simply because Appellant, unprompted, made unfavorable admissions on the stand.

PCRA Court Opinion, 8/7/18, at 6 (internal brackets omitted).

Upon review of the certified record, we discern no basis for disturbing the PCRA court's ruling. Appellant has not demonstrated how counsel's alleged failure to prepare Appellant resulted in prejudice. Moreover, Appellant was not asked or "required to answer, any question tending to show that he has committed, or been charged with, or been convicted of any offense other than the one wherewith he [was] then . . . charged." 18 Pa.C.S. § 5918. Consequently, his reliance on Section 5918 is misplaced. Thus, the PCRA court did not abuse its discretion in denying relief on this IAC claim.

In his second issue, Appellant argues that trial counsel was ineffective for "not objecting to the Commonwealth's repeatedly asking [Appellant] during cross-examination to opine on the truthfulness of the officers' testimony. . ." Appellant's Brief at 16. According to Appellant, "[s]uch an avenue of cross-examination invades the province of the jury to determine credibility of all witnesses and is improper." *Id.* at 17 (citing ***Commonwealth v. Alicia***, 92 A.3d 753 (Pa. 2014), and ***Commonwealth v. Yockey***, 158 A.3d 1246 (Pa. Super. 2017)).[5] In reply, the Commonwealth characterizes Appellant's claim as factually inaccurate and provides examples of how the prosecutor asked Appellant to compare his version of events to what the officers remembered. Commonwealth's Brief at 22–23. According to the Commonwealth, "the inconsistencies and contradictions in the in [sic] testimony were proper subject matter for the [prosecutor's] questions." ***Id.*** at 24.

The PCRA court rejected Appellant's argument:

> "It is well settled that a prosecutor is not permitted to express a personal belief as to the defendant's guilt or innocence or as to the defendant's or other witness' credibility." *Commonwealth v. Johnson*, 588 A.2d 1303, 1305 (Pa. 1991). When evaluating whether a prosecutor's comments were improper, courts should not look at the comments in a vacuum; rather, courts must view the comments in the context in which

---

[5] Appellant's reliance on ***Alicia*** is misplaced, as that case involved expert testimony speaking to the credibility of a witness. ***Alicia***, 92 A.3d at 760. Appellant's reliance on ***Yockey*** is also misplaced, as that case involved a harmless error analysis on direct appeal. ***Yockey***, 158 A.3d at 1255.

they were made. *Commonwealth v. Rolan*, 964 A.2d 398, 410 (Pa. Super. 2008) (citations omitted).

Here, on direct examination, trial counsel elicited from Appellant his version of the events. *See* Notes of Testimony, Jury Trial, 2/9/15, 172–184. On cross-examination, the Commonwealth confronted Appellant with inconsistencies between his testimony and the testimony of Commonwealth witnesses, including police officers. Specifically, the prosecutor asked Appellant if the Commonwealth witnesses "misremembered"[6] what had occurred. *See* N.T. Jury Trial, 2/9/15, at 190–198.

The jury knew they had been presented with conflicting testimony; the prosecutor was simply reinforcing the inconsistencies, not stating his personal belief as to whether Appellant was lying. The prosecutor's mere act of highlighting conflicting testimony between Commonwealth witnesses and Appellant did not hinder the jury in their ability to determine credibility. The jury received extensive instructions regarding the credibility of witnesses and conflicting testimony. *See* N.T. Jury Trial, 2/9/15, at 234–[2]40. Notably, the [c]ourt instructed the jury to "evaluate testimony of a law enforcement officer the same as you do for any other witness." *Id.* at 235.

Appellant has failed to set forth any argument as to how he was prejudiced [by] trial counsel's failure to object to this brief line of questioning by the prosecutor. Regardless, the [c]ourt finds that the prejudicial effect, if any, was minimal, and the [c]ourt's instructions regarding credibility were adequate to remove any potential prejudicial effect the questioning may have had on the jury. This ineffectiveness claim therefore fails . . . .

PCRA Court Opinion, 8/7/18, at 7–8.

Upon review of the certified record, we reject Appellant's contention that

the prosecutor's focus on inconsistencies between the testimony of the

---

[6] *Cf. Yockey*, 158 A.3d at 1256 ("['W]ere they lying' questions are generally prohibited in Pennsylvania.").

Commonwealth's witnesses and Appellant invaded the province of the jury. Moreover, Appellant has not demonstrated how the outcome of the case would have changed if trial counsel had objected to the prosecutor's questions. Thus, the PCRA court did not abuse its discretion in denying this IAC claim.

Appellant's third issue challenges trial counsel's failure "to object to the lack of foundation for the out-of-state prior record presented through Off[icer] Kondras." Appellant's Brief at 17 (citation omitted). Appellant acknowledges that "some documents are self-authenticating under Pa.R.Ev. [sic] 902[.[7]]" *Id.* at 18. He asserts, however, that Rule 902 "does not preclude counsel from contesting authenticity" and that "[f]ailure to object to this lack of foundation" resulted in prejudice. *Id.* The Commonwealth retorts: "[T]he record of the Appellant's prior drug conviction was properly admitted as a self-

_____

[7] The following item of evidence is self-authenticating and requires no extrinsic evidence of authenticity to be admitted:

**(4) Certified Copies of Public Records.** A copy of an official record--or a copy of a document that was recorded or filed in a public office as authorized by law--if the copy is certified as correct by:

(A) the custodian or another person authorized to make the certification; or

(B) a certificate that complies with Rule 902(1), (2), or (3), a statute or a rule prescribed by the Supreme Court.

Pa.R.E. 902(4).

authenticating record[;]" therefore, "any objection . . . would have been meritless[.]" Commonwealth's Brief at 26.

The PCRA court disposed of this IAC claim with a cogent analysis, which we adopt as our own:

> Finally, in his third issue, Appellant claims that trial counsel was ineffective for failing to object to the lack of foundation for Appellant's out-of-state prior record introduced at trial. Appellant argues, "though purportedly a certified copy of the records alleged by the Commonwealth, this was never established through testimony." Amended Motion for PCRA Relief, 12/15/17, at 7 (internal citations omitted).
>
> The Pennsylvania Rules of Evidence provide that, "to satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Pa.R.E. 901(a). Further, certain documents are self-authenticating, including a certified copy of a public record. See Pa.R.E. 902(4).
>
> Instantly, the Commonwealth admitted certified copies of Appellant's guilty plea to a felony drug charge and sentencing order in that same case from the Superior Court of Cobb County, Georgia. See N.T. Jury Trial, 2/9/15, at 105–106. These records are self-authenticating. See Pa.R.E. 902(4). Consequently, they required no further evidence of authenticity, such as testimony from the custodians of the records, in order to be admitted. Appellant's trial counsel cannot be deemed ineffective for failing to challenge the authenticity of the records, as counsel cannot be found ineffective for failing to raise a meritless objection. See Commonwealth v. Staton, 120 A.3d 277, 293 (Pa. 2015). Appellant's claim therefore fails . . .

PCRA Court Opinion, 8/7/18, at 8–9.

Appellant confuses foundation and authenticity. Officer Kondras provided foundation for the out-of-state criminal record by explaining how he obtained the record and its relevance. N.T., 2/9/15, at 103–106. The certified

- 17 -

record itself provides authentication of Appellant's prior conviction in Georgia. *Id.* at Commonwealth Exhibit 4; Pa.R.E. 902(4). The prior conviction is an element of the crime charged, 18 Pa.C.S. § 6105. Appellant's contrary position is meritless. Counsel will not be deemed ineffective for failing to raise a meritless claim. *See Commonwealth v. Marinelli*, 910 A.2d 672, 680 (Pa. 2006) ("Counsel will not be deemed ineffective for failing to raise a meritless claim."). The PCRA court did not abuse its discretion in denying this IAC claim.

Finally, to the extent that Appellant challenges the PCRA court's failure to conduct a hearing prior to dismissing his PCRA petition, we conclude that this claim fails.

> The right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (citations and brackets omitted).

Here, Appellant has failed to demonstrate that any of the claims presented to the PCRA court raised a genuine issue concerning any material fact. Accordingly, we discern no error by the PCRA court in dismissing the amended petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/14/2019